John GIPSON, Bill HEFLEY, M.D., Coolidge FAULKNER, Richard CONDER, James DIXON, A.J. TOMME, and Jack CASE *v.* Joe BROWN, Tip NELMS, D.D.S., and Bob SCOTT

85-180                                          706 S.W.2d 369

Supreme Court of Arkansas
Opinion delivered March 31, 1986

*Friday, Eldredge & Clark*, by: *William H. Sutton* and *Diane S. Mackey*, for appellants.

*Bob Scott*, for appellees.

JACK HOLT, JR., Chief Justice. The parties to this lawsuit are all members of the Sixth and Izard Church of Christ, Inc., a church incorporated under Arkansas law as a nonprofit corporation. Appellants are elders of the church and appellees are part of its general membership. Appellees instituted suit in Pulaski Chancery Court alleging that they have been denied financial data and other business information relating to the church and asserting that, as members of a nonprofit corporation, they are entitled to this knowledge as a matter of statutory right. Appellants filed a motion to dismiss for failure to state a claim and because the relief sought cannot be awarded without violation of the first and fourteenth amendments to the United States Constitution and art. 2, §§ 24 and 25 of the Arkansas Constitution. The trial court denied the motion to dismiss without conducting a hearing on the constitutional issues. Appellees filed discovery requests seeking the same financial and business information which was the object of the lawsuit. The appellants challenged the propriety of the discovery request, but the trial court ordered them to comply. It is from that interlocutory order that this appeal is brought. Our jurisdiction is pursuant to Sup. Ct. R. 29(1)(a) and (k).

■ We grant relief from the interlocutory order and find that an evidentiary hearing is necessary to determine the merits of appellants' claim of constitutional protection against ordered disclosure of church information. Accordingly, we remand to the trial court.

■ The religious beliefs of all citizens are zealously protected from government interference under both the state and federal constitutions. The Arkansas Constitution provides that "All men have a natural and indefeasible right to worship Almighty God according to the dictates of their own consciences; . . . No human authority can, in any case or manner whatsoever, control or interfere with the right of conscience . . ." art. 2, § 24. In recognition of the fact that "[r]eligion, morality and knowledge [are] . . . essential to good government", the General Assembly was instructed to enact suitable laws to protect every religious denomination. Art. 2, § 25.

■ We have strictly adhered to this absolute prohibition of any infringement upon religious beliefs. It necessarily follows that internal church disputes relating to the disclosure of church business should not be subject to the legal concern of this court. However, when the Sixth and Izard Church of Christ decided to incorporate, it submitted itself to certain corporate laws of this state, thus opening the door to examination of their present quarrel in a legal setting.

This appeal was taken from the court's interlocutory order compelling discovery. Since the discovery sought the very records and financial information that were the object of the lawsuit, appellants refused to comply, arguing that to do so would be to decide the case on the merits.

■ It should first be noted that this appeal was properly taken since the interlocutory order in effect determines the action and prevents a judgment from which an appeal might be taken. Ark. Rules of App. P. Rule 2(a)(2). If appellants comply with the discovery order and the trial court concludes after the trial that appellees were not entitled to the information they sought, appellants could not be placed in their former condition. *See Johnson v. Johnson*, 243 Ark. 656, 421 S.W.2d 605 (1967), *rehearing denied*. Therefore, since we find the discovery order is the equivalent of a decision on the merits, the appellants need not

release the information that is the subject of this lawsuit until a final ruling is obtained.

As to the motion to dismiss, the chancellor held that by virtue of the church taking advantage of the state's laws, certain duties apply that have nothing to do with the constitution. This is not entirely correct. Certain statutory duties do apply, unless they conflict with a constitutional prohibition. The Arkansas law referred to by the chancellor was the statutory chapter on nonprofit corporations. Ark. Stat. Ann. §§ 64-1901—64-1921 (Repl. 1980). The appellees' lawsuit is based on Ark. Stat. Ann. § 64-1913 which provides in pertinent part:

> Each corporation shall keep correct and complete books and records of account. . . . All books and records of a corporation may be inspected by any member for any proper purpose at any reasonable time.

It is clear that under § 64-1913 the appellees are not entitled to inspect the church's records as a matter of right. Instead, they are allowed to so inspect upon a demonstration of a proper purpose. Since the complaint filed in this case contained allegations of abuse of power by the elders and impropriety in the selection of the board of directors, this threshold requirement is met.

The question now arises: Does the enforcement of statutory law, and in particular § 64-1913, override the religious doctrine, polity, or practice of the church as protected by the federal and state constitutions? Whether this action can be maintained at all is a close question. The appellants mount a vigorous argument that the tenets of the Church of Christ religion place authority for church administration solely in the hands of the elders and, pursuant to the dictates of their religion, the elders cannot be compelled to share this information with members of the congregation. Appellees argue with equal vigor that the Church of Christ is and has always been a congregational church and that as members of a congregational church, they have a right to inspect the records.

To claim the protection of the freedom of religion clauses of the U.S. and Arkansas Constitutions, the appellants' position must be rooted in religious belief. *Wisconsin* v. *Yoder*,

406 U.S. 205, 215-16 (1972). The determination of what is a "religious belief" is a delicate matter and state courts can only become involved in church disputes when "neutral principles" of law can be applied to resolve the dispute. *Synanon Foundation, Inc.* v. *California*, 444 U.S. 1307 (1979).

■ Although courts have no power to decide religious questions, that does not mean that courts will not assume jurisdiction over religious institutions. "Religious organizations do have temporal rights and duties with respect to properties and contracts which courts will recognize and enforce . . . Only with respect to these temporalities should courts recognize legal rights and duties and enforcement as limited to nonreligious policies." *Mount Zion Baptist Church et al.* v. *Second Baptist Church*, 432 P.2d 328 (Nev. 1967).

Louisiana courts have considered this question and found that lawsuits can be maintained against incorporated churches for enforcement of a voting member's statutory right to examine the records of the corporation. *Bourgeois* v. *Landrum*, 396 So.2d 1275 (La. 1981); *Wilkerson* v. *Battiste*, 393 So.2d 195 (La. App. 1980), *rehearing denied*. In so holding, the Louisiana court in *Bourgeois*, relied on the fact that judicial enforcement of this right did not entangle civil courts in questions of religious doctrine, polity or practice. The court acknowledged that:

> First Amendment values are plainly jeopardized when church property litigation . . . turn[s] on the resolution by civil courts of controversies over religious doctrine and practice. . . . The First Amendment therefore commands civil courts to decide church property disputes without resolving underlying controversies over religious doctrine . . . This principle applies with equal force to church disputes over church polity and church administration.

■ Here, appellants assert the very entanglement in questions of religious doctrine that the court found absent in the Louisiana cases. Their claim of first amendment protection rests on the fact that under Church of Christ doctrine, the decision whether to disclose church financial information rests with the elders. Clearly this reliance on church doctrine is jeopardized by the corporate status of the church. Although the trial judge found that corporate law and not religious doctrine applied, he did so

based on the pleadings and without conducting a full evidentiary hearing. Without the benefit of such a hearing, we are unable on appeal, even with a *de novo* review, to weigh the sensitive overlap between church and state that is presented by this case. In addition, the parties are entitled to a hearing with the submission of evidence and testimony to satisfy the constitutional requirements of due process of law. *Mendel* v. *Garner*, 283 Ark. 473, 678 S.W.2d 759 (1984). Accordingly, we remand this case with instructions to conduct a hearing on the claim of first amendment protection versus the disclosure requirements of corporations.

We will address the appellants' final argument because it will arise at the next hearing. Appellants contend that one of the appellees, Bob Scott, should not be allowed to represent himself in this proceeding because he served as attorney for the church when it incorporated.

Appellants present two arguments, one procedural and one substantive, and they are correct under both theories. The chancellor entered an order on April 16, 1985 which held:

> Even though the Court granted Defendants' Motion to Disqualify BOB SCOTT as Counsel for JOE BROWN and TIP NELMS, DDS, that Motion was granted only for the purpose of avoiding even the appearance of impropriety. The Court finds that standard would not be applicable to BOB SCOTT acting as Counsel for himself.

On April 26, 1985, the court entered an order reconfirming its order of April 16. The appellants filed their notice of appeal to this court on that same day. On May 29, 1985 the court signed the following order:

> Defendants are entitled to such clarification, good cause having been shown. Because to permit Bob Scott to represent anyone, even himself, in this cause would necessarily raise the appearance of impropriety in violation of the Code of Professional Responsibility, he may not act as counsel for or representative of any party, including himself.

Appellants filed a motion on July 1, 1985, for extension of time for filing the record on appeal, citing the May 29 order as the reason for the delay. The judge granted the extension and Scott

received a copy of that motion. The initial record was filed with this court on July 23, 1985. On September 9, 1985, after the record was lodged and appellants' brief was filed with the supreme court, Scott filed a motion in chancery court to strike the May 29 order. The trial judge held a hearing and entered an order granting the motion on September 26, 1985.

During the pendency of an appeal, mistakes in orders may be corrected by the trial court before the appeal is docketed in the appellate court or thereafter with leave of the appellate court. Ark. R. Civ. P. Rule 60(a). Neither the appellees nor the trial court sought the permission of this court before the hearing was held and the order stricken. Accordingly, the issue is not properly before the court and the May 29 order prohibiting Scott from representing any party, including himself, must stand.

Because we anticipate that on remand the trial court will correct the obvious discrepancy between the two orders by striking the May 29 order as he attempted to do already, we will also reach the merits of this issue.

The problem concerns the fact that Bob Scott, acting as counsel for the church and the elders, advised the church to incorporate and assisted them in that endeavor. The petition for incorporation lists the elders individually as petitioners and gives Bob Scott's name as their attorney. Appellants maintain that it involves at least the appearance of impropriety to allow Bob Scott to now represent himself and sue the elders based on the church's corporate status. The trial court found in its April 16 and 26 orders that no evidence was presented as to any conflict of interest since Scott represented the church and not the individual elders. We disagree.

Since Scott represented the elders in their capacity as petitioners for incorporation that was sufficient representation to present a conflict, or in the least, an appearance of impropriety.

The American Bar Association's Code of Professional Responsibility provides that a lawyer should preserve the confidences and secrets of a client, Canon 4. A lawyer should exercise independent professional judgment on behalf of a client, Canon 5. A lawyer should avoid even the appearance of professional impropriety, Canon 9. Courts will disqualify counsel in an

adversary proceeding when:

> (1) the moving party was previously represented by the attorney whose disqualification he now seeks; (2) the matters embraced within the pending suit are *substantially related* to the matters or the cause of action for which the attorney previously represented the moving party; and (3) the attorney is representing an adversary of the movant party in the pending suit.

*Heathcoat* v. *Santa Fe Internat'l Corp.*, 532 F. Supp. 961 (E.D. Ark. 1982). If the two actions are found to be substantially related, a presumption arises that the former client's confidences were disclosed to the former attorney, which confidences the attorney might use to the detriment of the movant in the current action. *Id.* The court will entertain this presumption and will not inquire into the nature and extent of the confidences. The confidential disclosures, whether actual or presumed, necessitate the disqualification of the attorney when he represents an adverse interest in a related matter. *State of Ark.* v. *Dean Foods Products Co., Inc.*, 605 F.2d 380 (8th Cir. 1979).

Applying these rules to the case at bar, Scott previously represented the elders as petitioners for incorporation; the present lawsuit concerns the obligations of the church under the articles of incorporation — a substantially related matter; and Scott is representing himself as an adversary party to the church and the elders. We will presume that confidential disclosures were made to Scott by the elders and that these might be used to the elders' detriment in the current action. Accordingly, Scott is disqualified from any participation in this lawsuit as an attorney, whether representing himself or others. A lawyer is not permitted to use information acquired through representation for his own purposes. EC-4-5. Although this court cannot restrict Scott's constitutional right to be a party litigant, he is admonished not to make personal use of any information imparted to him as a result of his prior representation of the church.

Reversed and remanded for proceedings not inconsistent with this opinion.

432

PURTLE, J., not participating.