LIBERTY MUTUAL INSURANCE COMPANY *v.*
Cleophes THOMAS

97-1134                                      971 S.W.2d 244

Supreme Court of Arkansas
Opinion delivered June 25, 1998

*Friday, Eldredge & Clark*, by: *James C. Baker* and *R. Christopher Lawson*, for appellant.

*Gary Eubanks and Associates*, by: *James Gerard Schulze* and *William Gary Holt*, for appellee.

W.H. "DUB" ARNOLD, Chief Justice. Appellant, Liberty Mutual Insurance Company, brings the instant appeal challenging the Desha County Circuit Court's denial of Liberty's and grant of appellee's, Cleophes Thomas's, summary-judgment motion. Our jurisdiction is authorized pursuant to Ark. Sup. Ct. Rule 2-4 (1998). Liberty contends that the specific points raised on appeal involve issues of substantial public interest, which need clarification or development of the law or overruling of precedent. Finding no reversible error, we hold that the trial court correctly concluded that the initial-permission rule, as adopted by this Court in *Commercial Union Ins. Co. v. Johnson*, 294 Ark. 444, 745 S.W.2d 589 (1988), controls this case. Accordingly, we affirm the trial court's grant of summary judgment in favor of appellee.

On June 6, 1994, James Austin drove his rental car, a 1994 Ford Probe owned by Trotter Ford/Lincoln/Mercury, Inc., of Pine Bluff, Arkansas, into the rear of Thomas's car while Thomas was waiting at a red light on State Highway 65 in Desha County, Arkansas. Austin was legally intoxicated at the time of the accident, and his blood alcohol level was .18%. Austin was later charged with driving while intoxicated and leaving the scene of an accident.

Two distinct written agreements are of significance in this appeal. First, Trotter Ford insured the rental car via a business automobile insurance policy with the appellant, Liberty. The Liberty policy insured Trotter Ford and the car for liability purposes against all damages for bodily injury or property damage resulting from the use of the car by Trotter Ford or anyone else using the car with Trotter Ford's permission. Second, Austin signed Trotter Ford's rental agreement, which required him to use the car in conformity with federal, state, and local laws and to refrain from using the car under the influence of any intoxicants or drugs. The rental agreement recited that liability insurance coverage would be provided pursuant to the Liberty policy. However,

the agreement purported to exclude coverage under the Liberty policy if Austin used the car in violation of the rental agreement's terms.

Following the accident, Thomas sought recovery for his injuries and filed suit against Austin in circuit court. Ultimately, the trial court entered a default judgment in favor of Thomas on June 5, 1995. Subsequently, Thomas filed a subrogation action against Liberty for the amount of the judgment against Austin. Liberty denied liability, asserting that Austin's violation of the rental agreement's terms — specifically, driving under the influence of alcohol in violation of state law — excluded coverage under the Liberty policy.

Liberty moved for summary judgment on June 13, 1996, and Thomas filed a cross-motion for summary judgment on June 19, 1996. The trial court denied Liberty's motion but granted Thomas's, finding that (1) no facts were disputed; (2) Austin's initial use of the car was permissive; (3) Austin's driving the car while he was intoxicated was outside the scope of the initial permission; and (4) regardless of whether Austin's use was outside the scope of his initial permission, pursuant to *Commercial Union*, Thomas was entitled to judgment as a matter of law. Additionally, the trial court concluded that Austin's use of the car did not rise to the level of criminal conversion. In a judgment filed August 1, 1996, the trial court awarded Thomas damages, interest, a 12% penalty, and attorney's fees.

Liberty then appealed the trial court's decision to the Arkansas Court of Appeals. In *Liberty Mutual Ins. Co. v. Thomas*, 58 Ark. App. 289, 951 S.W.2d 564 (1997), the Court of Appeals affirmed the summary-judgment grant, relying on the authority of *Commercial Union*. Further, the appellate court determined that Austin's technical conversion under tort law failed to provide an exception to the initial-permission rule and that public policy mandated affirmance. From this decision, we granted Liberty's petition for review. When we grant a petition to review a case decided by the Court of Appeals, we review it as if it was originally filed in this Court. *See Malone v. Texarkana Public Schools*, 333 Ark. 343, 969 S.W.2d 644 (1998) (citing *Williams v. State*,

328 Ark. 487, 944 S.W.2d 822 (1997)). On appeal we consider the trial court's disposition of the parties' summary-judgment motions and its finding that Austin's actions did not constitute conversion.

## I. Liberty's Summary-Judgment Motion

Liberty's first point on appeal contests the trial court's denial of its motion for summary judgment. However, as a general rule, the denial of a motion for summary judgment is neither reviewable nor appealable. *Ozarks Unltd. Resources Coop., Inc. v. Daniels*, 333 Ark. 214, 969 S.W.2d 169 (1998) (citing *Nucor Holding Corp. v. Rinkines*, 326 Ark. 217, 931 S.W.2d 427 (1996)). Moreover, even when the parties fail to address the issue of an order's appealability we, nevertheless, must determine whether we have jurisdiction. *Id.* (citing *Associates Fin. Servs. Co. v. Crawford County Mem. Hosp.*, 297 Ark. 14, 759 S.W.2d 210 (1988)). Here, this point does not reach us through any exception to the general rule barring review of denials of summary-judgment motions, and we must decline to reach the merits of this point.

## II. Thomas's Summary-Judgment Motion

Liberty's second point, contesting the trial court's grant of Thomas's cross-motion for summary judgment, is properly before us on appeal. In reviewing summary-judgment cases, this Court need only decide if the trial court's grant of summary judgment was appropriate based on whether the evidence presented by the moving party left a material question of fact unanswered. Further, the moving party always bears the burden of sustaining a motion for summary judgment. All proof must be viewed in the light most favorable to the resisting party, and any doubts must be resolved against the moving party. The moving party is entitled to summary judgment if the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Ark. R. Civ. P. 56 (1998); *Robert D. Holloway, Inc. v. Pine Ridge Add'n Resid. Prop. Owners*, 332 Ark. 450, 966 S.W.2d 241 (1998) (citing *McCutchen v. Huckabee*, 328 Ark. 202, 943 S.W.2d 225 (1997)).

First, the parties agree that there are no disputed facts. Importantly, the parties agree that (1) Austin's initial use of the car was permissive, and (2) Austin's driving the car while he was intoxicated was outside the scope of the initial permission. Accordingly, our review must focus on the trial court's application of the law to those undisputed facts. Specifically, Liberty disagrees with the trial court's reliance on *Commercial Union* and its conclusion that Austin's intoxication while driving the car is immaterial under the initial-permission rule. On the other hand, Thomas argues that *Commercial Union* is controlling precedent, dispositive of the issues, and compels us to affirm the instant case. We agree.

■ Appellant urges us to revisit our decision in *Commercial Union* and our adoption of the initial-permission rule. However, we are bound to follow prior case law under the doctrine of *stare decisis*, and that policy is designed to lend predictability and stability to the law. *State of Arkansas Off., Child Sup. Enforce. v. Mitchell*, 330 Ark. 338, 343, 954 S.W.2d 907 (1997), (citing *Parish v. Pitts*, 244 Ark. 1239, 1252, 429 S.W.2d 45, 52 (1968) (superseded by statute on other grounds)). In *Parish v. Pitts*, this Court held that "[p]recedent governs until it gives a result so patently wrong, so manifestly unjust, that a break becomes unavoidable." *Mitchell*, 330 Ark. at 343 (quoting *Parish*, 244 Ark. at 1252). Our test is whether adherence to the rule would result in "great injury or injustice." *Mitchell*, 330 Ark. at 343 (quoting *Independence Fed. Bank v. Webber*, 302 Ark. 324, 331, 789 S.W.2d 725, 730 (1990)). The instant facts do not warrant such a break from precedent.

■ In *Commercial Union* we noted that the "liberal or initial-permission rule," applied in the context of interpreting omnibus clauses in insurance policies, such as the one in this case, permits recovery once the user initially has been given permission, regardless of the manner in which the car is used thereafter. *See Commercial Union*, 294 Ark. at 448 (quoting *Arndt v. Davis*, 183 Neb. 726, 163 N.W.2d 886 (1969)). Significantly, once permission has been given, any deviation in operation is immaterial. *Id.*

Although Liberty raises several public policy arguments against the initial-permission rule, those issues were addressed in *Commercial Union*, after considering our state statutes and ample

secondary authority. The *Commercial Union* opinion examined the options and held that the initial-permission rule applies in Arkansas and that any deviation from the permitted use is immaterial. *See Commercial Union*, 294 Ark. at 454.

■ Here, Austin had initial permission to use the rental car, and his deviation in operation was immaterial. Based upon the controlling authority of *Commercial Union*, there are no grounds to reverse the trial court's grant of summary judgment. Viewing the evidence in the light most favorable to Liberty, resolving any doubts against Thomas, and acknowledging that there is no genuine issue as to any material fact, the trial court did not err in finding that Thomas was entitled to a judgment as a matter of law. Accordingly, we affirm on this point.

### III. Conversion

■ Liberty argues that Austin's driving the rental car while he was intoxicated was a conversion that operates as an exception to the initial-permission rule. In dicta, the *Commercial Union* opinion agreed that "an insurer should not be liable to a thief or a person who has no permission to use a vehicle and who converts it to his or her own use." *Commercial Union*, 294 Ark. at 454. Austin was neither "a thief" nor "a person who has no permission to use a vehicle and who converts it to his . . . own use." It is undisputed that Austin had Trotter Ford's permission to use the rental car.

In sum, the trial court did not err in finding that, after Trotter Ford gave Austin initial permission to use the car, his deviation from the permitted use, by driving the car while intoxicated, was immaterial.

Affirmed.