BPS, INC., and Micro Flo Company,
*Appellants/Petitioners v.* Jason PARKER,
*Appellee/Respondent;* Allen Bartlo,
BPS, Inc., and Micro Flo Company,
*Appellants/Petitioners v.* Linda Winston,
*et al., Appellees/Respondents*

01-204                                          47 S.W.3d 858

Supreme Court of Arkansas
Opinion delivered June 28, 2001

*Wright, Lindsey & Jennings, LLP,* by: *Gordon S. Rather, Jr., Michael D. Barnes,* and *Jane Weisenfels Duke;* and *Friday, Eldredge & Clark,* by: *Kevin Crass,* for appellants/petitioners.

*Wilson & Valley,* by: *E. Dion Wilson,* for appellees/respondents.

R OBERT L. BROWN, Justice. This is an appeal from an order of the circuit court entitled "Joint Findings of Fact and Conclusions of Law" in which the court denied summary judgment to appellants, BPS, Inc. and Micro Flo Company. The court of appeals granted a motion filed by appellees Jason Parker and Linda Winston to dismiss the appeal, and this court granted review of that dismissal. We deny the motion to dismiss this appeal and vacate the court of appeals' order granting that motion. Furthermore, we reverse that part of the circuit court's order which makes findings of fact and conclusions of law on the issue of the Fireman's Rule and remand this matter to the circuit court with instructions to limit its order to the issue of whether summary judgment is appropriate.

The facts are that on May 8, 1997, the West Helena Fire Department responded to an emergency call at the BPS facility, which packages agricultural chemicals. The Fire Department received a report that the chemical, Azinphos Methyl (AZM), was

smoldering in BPS's Unit 2. As firefighters responded to the emergency at Unit 2, the building exploded, killing three firefighters, including Reginald Robinson, Sr., a volunteer firefighter. A fourth firefighter, Jason Parker, was injured in the explosion.

On August 8, 1997, Jason Parker filed a personal injury lawsuit against BPS and asserted that BPS representatives had misrepresented to the firefighters that there was no chance of explosive harm. He sued for negligence; willful, wanton, and reckless misconduct; strict liability due to the mishandling of ultra-hazardous chemicals; and the presence of hidden dangers on BPS's premises. On October 31, 1997, Linda Winston, as administratrix of Reginald Robinson, Sr.'s estate, filed a wrongful death action against BPS and its president, Allen Bartlo. She sued for negligence; willful, wanton, and reckless misconduct; misrepresentation; hidden danger; and strict liability due to ultra-hazardous materials. Both complaints sought compensatory and punitive damages. Later, both Parker and Winston amended their separate complaints to include Micro Flo Company, which was BPS's supplier of AZM, as a party defendant. In their respective answers to the amended complaints, BPS, Bartlo, and Micro Flo stated that the claims of Parker and Winston were barred under the doctrine of the Fireman's Rule. BPS also filed a third-party complaint against Micro Flo for contribution and indemnity, and Micro Flo cross-claimed against BPS.

On December 18, 1998, BPS filed a motion for summary judgment in the Parker case based upon the Fireman's Rule. Allen Bartlo and BPS filed a similar motion in the Winston case. Micro Flo did the same in both cases. Parker and Winston both responded that factual issues existed, that exceptions to the Fireman's Rule prevented summary judgment from being entered, and that the motions for summary judgment should be denied. Neither Parker nor Winston filed summary judgment motions on their own behalf. On May 22, 2000, the circuit court entered its order entitled "Joint Findings of Fact and Conclusions of Law." In that order, the court recited the facts involved in the case, the issues involved in the case, and the applicable law. The circuit court made numerous findings of fact and conclusions of law in its order. It then concluded that summary judgment should be denied.

On June 15, 2000, BPS, Bartlo, and Micro Flo (hereinafter referred to jointly as BPS) appealed "from the order containing joint findings of fact and conclusions of law of the Circuit Court[.]" On October 11, 2000, the two appeals were consolidated by order of the court of appeals. On January 15, 2001, Parker and Winston

moved to dismiss the appeal as an invalid appeal from a denial of a motion for summary judgment. On February 7, 2001, the court of appeals granted that motion to dismiss. BPS petitioned this court for review of the dismissal of the appeal, and we granted review and set an expedited briefing schedule.

BPS raises two issues in its brief on appeal: (1) that the circuit court's order is an appealable order, and (2) that the circuit court acted outside of the bounds of Ark. R. Civ. P. 56 when it made findings of fact and conclusions of law that granted affirmative relief to Parker and Winston. This had the effect, according to BPS, of striking part of its answer pertaining to its defenses. Thus, BPS contends that an appeal is appropriate under Ark. R. App. P.—Civ. 2(a)(4). With regard to requested relief, BPS asks that the dismissal of its appeal be vacated and that its appeal be reinstated. It further requests that the improper findings of fact and conclusions of law be set aside and that the circuit court be instructed to enter an order that merely denies the various motions for summary judgment.

Parker and Winston dispute the assertion that the circuit court made improper findings of fact and conclusions of law and rest their argument on the fact that this court has steadfastly refused to entertain appeals from denials of summary judgment. The appellees emphasize that the circuit court entered no directed verdicts on the liability issues. They further point out that this case has now been set for trial, and that BPS will have ample opportunity to present additional proof and argue its defenses respecting the Fireman's Rule at that time.

It appears clear to this court that the issues before us involve not only the appealability of the circuit court's order, but also consideration of a remedy to limit the scope of that order should we determine that it was improperly entered. When this court grants a petition for review, we consider the matter as if the appeal had been originally filed in this court. *See Crockett v. Essex*, 341 Ark. 558, 19 S.W.3d 585 (2000). Hence, we consider the appeal by BPS and the motion to dismiss by Parker and Winston, which was granted by the court of appeals.

We begin by examining the circuit court's order. It is eighteen pages in length and, as already stated, entitled "Joint Findings of Fact and Conclusions of Law." The order begins by stating that it is prompted by the identical motions for summary judgment filed by the appellants. A five-page recitation of the facts follows. That, in turn, is followed by a discussion of the law of summary judgment

and the Fireman's Rule, as adopted by this court in *Waggoner v. Troutman Oil Co.*, 320 Ark. 56, 894 S.W.2d 913 (1995).[1]

The circuit court then made certain findings of fact and conclusions of law. We quote directly from the circuit court's order:

> Plaintiffs have established the facts and circumstances in the instant cause allowing for the instigation of the various defenses asserted and have overwhelmingly proven through the testimony of the defendants' witnesses themselves: (a) the presences [*sic*] of misrepresentation on the part of Micro Flo Company and BPS; (b) the presence of continuous affirmative acts of negligence afer [*sic*] the initial negligence which caused the accident; (c) the presence of hidden peril and dangers which were known to both Micro Flo Company and BPS relative to reactivity and flammability; (d) the presence of hidden peril caused by a previous dousing of chemicals through the sprinkler system of BPS either early the [*sic*] morning of the date of this incident or the day before; (e) the presence of a forklift with a propane tank in vicinity [*sic*], i.e. heat or fire; (f) the presence of Maneb in the area of the AZM which had a known reactivity propensity after being exposed to water; (g) the presence of AZM in an area adjacent to a heated pipe.[2]
>
> . . . .
>
> In conclusion, the Court incorporates its findings of facts and conclusions of law and more specifically finds that the defendants' reliance on *Waggoner* is misplaced. . . . Specifically, the rule of law that a firefighter cannot recover for injuries or death that results from ordinary or open and obvious dangers which are associated with his/her employment. However, the mere fact that a person is a firefighter injured or killed in the line of duty is not enough to be an absolute bar to recovery. . . . It is undisputed in this case that on May 8, 1997, BPS reported to the City of West Helena Fire Department that they had a smoldering supersack of AZM and requested that firefighters remove the material from Warehouse No. 2, where the material was located, this [*sic*] factual issue is sufficient to deny summary judgment. . . .

---

[1] Briefly stated, the Fireman's Rule provides that a professional firefighter may not recover from a private party for injuries arising out of the scope of his duties even though the private party may have been negligent in causing the fire and those injuries.

[2] Maneb is another agricultural chemical.

The Court, specifically, finds that the incorrect MSDS sheet constituted a hidden danger, and such defect is attributable to BPS and Micro Flo Company;[3] that the failure to correctly test and rate such a volatile and dangerous chemicals [sic] is tantamount to willful and wanton conduct; and supplying the firefighters with this limited amount of incorrect information was an independent act of negligence and arguably reckless indifference to the value of human life, on the part of both defendants BPS and Micro Flo Company.

This Court has no hesitancy in determining that the Motion for Summary Judgment in and of itself does not comport with the requirement of proof for proof, and it is deficient in the elements plead on the specific subject matter of summary judgment per the Firemen's Rule as required by *Lipson v. The Superior Court of Orange County; John Berger, Real Party in Interest*, cited as 31 Cal. 3d [362,] 644 P.2d [8]22; 1982 Cal. Lewis 178; 182 Cal Rptr. 62 (1982). The Court finds that there are exceptions to the Firemen's Rule, and the Court finds that the exceptions apply to the facts of this case. The Court further finds that BPS acted with willful and wanton misconduct in concealing a hidden danger. That the testimony shows that the President of BPS, Allen Bartlo, had knowledge that the chemical properties of AZM were volatile and, in fact, wrote letters and requested further information and testing from Micro Flo Company on this chemical, but this information was not supplied to the City of West Helena Fire Department nor the West Helena firefighters at any time prior to the explosion. BPS received information that the City of West Helena Fire Department received information from the chemical engineer for BPS in New Jersey in which he telephoned the City of West Helena Fire Department after the explosion occurred and stated that if AZM was in the building and there was a water sprinkler system, that the chemical would explode. Thus, BPS had prior knowledge that the chemical compound, AZM, had the potential to explode and concealed this knowledge from the City of West Helena Fire Department which is the essence of a hidden danger.

The Court further finds from the plaintiffs' exhibits and deposition that BPS had knowledge prior to the explosion that Micro Flo Company's MSDS for AZM was incorrect. Correspondence and memos from BPS to Micro Flo Company which have been introduced show that BPS had in the past worked with another

---

[3] An MSDS sheet is a Material Safety Data Sheet that accompanies products and tells the properties and characteristics of the products.

brand of AZM (Guthion) which is rated as a "2" for both flammability and reactivity. The inquiry was further supplemented by samples of AZM being furnished to BPS for testing and an explanation that the product would smolder and smoke at approximately 170 degrees Fahrenheit. BPS further corresponded with Micro Flo Company indicating that the AZM was up and running, and that they had not experienced any problems with the dust they had expected. None of this information or other information for which BPS had knowledge with regard to potential problems with AZM being flammable, explosive, or otherwise, reactive was shared with the firefighters. The Court also finds that the evidence shows in this case that the chemist for BPS's New Jersey office telephoned the City of West Helena Fire Department and asked if the sprinklers were activated. Upon questioning about what would happen if the sprinklers went off, the chemist stated that there would be an explosion.

The Court further finds that the City of West Helena firefighters were not told about a propane forklift that was left by a BPS employee in close proximity to the smoldering sack of AZM. Obviously, propane is highly explosive, and the firefighters should have been warned.

The Court further finds evidence that BPS had advanced knowledge of a potential problems [sic] with Micro Flo Company's AZM product. A truck driver who delivered the product and BPS employees reported an unusually strong and sickening odor from one of the two truckloads of AZM delivered prior to the explosion, and that there was a torn supersack of AZM.

The Court specifically finds that the joint investigation report by the EPA and OSHA, which sets forth findings, was taken into consideration by the Court and, therefore, for the purpose of the Court ruling on the motion, the Court adopts said report as well as all of plaintiffs' other exhibits including the deposition of BPS President, Allen Bartlo, and other [sic] in the record herein.

The Court finds that the pleadings revealed that BPS accuses Micro Flo Company of misconduct and misrepresentation, mainly with regard to the faulty MSDS sheet, and Micro Flo Company accuses BPS of misconduct and other fault, which allegations in and of themselves give rise to a factual controversy such that the bare application of the Firemen's Rule to the facts of this case is wholly inappropriate, and such that summary judgment cannot be granted to either defendant.

The pleadings and other evidence just do not lend themselves to the conclusion that this drastic remedy of the Firemen's Rule should be invoked by this Court. Factual controversies regarding valid exceptions to the Firemen's Rule are very real or have been plead [*sic*], and there is [*sic*] sufficient factual allegations to prove exceptions to the Firemen's Rule, and summary judgment should be denied. The Court finds that the dangers which the firefighters faced on May 8, 1997, were not apparent nor were they obvious to even the trained eye, and the defendants had the opportunity to supply the firefighters with correct/appropriate information and warnings but did not. Defendants' Motion for Summary Judgment does not address the issues of strict liability or *res ipsa loquitur* or [*sic*] plead by plaintiffs. The Court having found that issues of fact prevent the granting of summary judgment reserves ruling on these issues. Plaintiffs raise the unconstitutionality of the Firemen's Rule, and the Court reserves its ruling for the same reason but note [*sic*] that the ruling of *Ouachita Wilderness Institute v. Mergen*, 329 Ark. 405, 947 S.W.2d 780 (Ark. 1997) which was decided after *Waggoner* creates a question of the viability of *Waggoner*.

■ It is patently clear to this court that the circuit court, while finding that factual issues pertained which militated in favor of denying summary judgment, also made specific findings of fact and conclusions of law relative to the ultimate defense asserted by BPS, which is the Fireman's Rule. Specifically, the court concluded that exceptions to the Fireman's Rule did exist and found that BPS's actions constituted willful and·wanton misconduct, which involved hiding a danger from the firefighters. These findings were made even though the only issue before the court was whether genuine issues of material fact existed so as to foreclose summary judgment in favor of BPS. *See* Ark. R. Civ. P. 56(c). This court has often stated that the purpose of summary judgment is not to try the issues but to determine whether there are any issues to be tried. *See, e.g., Flentje v. First Nat'l Bank of Wynne*, 340 Ark. 563, 11 S.W.3d 531 (2000); *Culpepper v. Smith*, 302 Ark. 558, 792 S.W.2d 293 (1990). This basic maxim of summary-judgment law was violated extensively in this case.

■ Parker and Winston, however, raise another maxim of summary-judgment law and that is that this court does not take appeals from denials of summary judgment. The appellees are correct that this is a well-settled principle in this court's jurisprudence. *See Gibson Appliance Co. v. Nationwide Ins.* Co., 341 Ark. 536, 20 S.W.3d 285 (2000); *Dobie v. Rogers*, 339 Ark. 242, 5 S.W.3d 30 (1999); *Hartford Ins. Co. v. Mullinax*, 336 Ark. 335, 984 S.W.2d 812

(1999); *Liberty Mut. Ins. Co. v. Thomas*, 333 Ark. 655, 971 S.W.2d 244 (1998). Such review is not even available after a trial on the merits. *See Ball v. Foehner*, 326 Ark. 409, 931 S.W.2d 142 (1996). The rationale for this rule is that "a final judgment should be tested upon the record as it exists at the time it is rendered, rather than at the time the motion for summary judgment is denied, since further evidence may be supplied at trial." *Ball, supra* (quoting *Rick's Pro Dive 'N Ski Shop*, 304 Ark. 671, 673, 803 S.W.2d 934, 935 (1991)).

BPS, however, maintains that it is not appealing from a denial of summary judgment but from that part of the circuit court's order where improper findings of fact and conclusions of law were made. In making this argument, BPS leans heavily on the court of appeals' decision in *Danco Constr. Co. v. City of Ft. Smith*, 268 Ark. 1053, 598 S.W.2d 437 (Ark. App. 1980). In *Danco Constr.*, the City had sued the construction company for damages arising out of negligence in the construction of a sewer line. Danco answered and affirmatively pled the statute of limitations as a defense. Danco then moved for summary judgment raising the same limitations defense. The circuit court found that there was a genuine issue of material fact and overruled the motion. But the court then went forward and concluded that the City's claim was not barred by the statute of limitations. Danco appealed. The court of appeals first noted that a denial of summary judgment is not a final order from which an appeal may be taken. The court did not disagree with this principle of appellate law, but it then considered Danco's twin arguments — that the circuit court's ruling had the effect of granting summary judgment for the City and the ruling would also operate to bar Danco from offering evidence at trial on the limitations defense.

The court of appeals held as follows:

> We reverse the portion of the order of the trial court finding or holding the City of Fort Smith is not barred by the statute of limitations. In doing so we make it clear we are not holding the City is not barred. In view of the determination by the court that there is a genuine issue of material fact, the motion for summary judgment should have been simply denied. The parties shall be permitted to introduce any further evidence they wish touching on the issue of the statute of limitations and on the date the statute began to run.

> We do not review the court's denial of the motion for summary judgment since the order is interlocutory and not appealable. However, the part of the order ruling the City is not barred by the

statute of limitations would operate to foreclose appellant from further asserting that defense and offering evidence at trial on that issue. That portion of the order is therefore a final disposition of that issue, and is therefore appealable.

*Danco Constr.*, 268 Ark. at 1056, 598 S.W.2d at 439.

■ This court has followed the reasoning of the court of appeals in the *Danco Constr.* case on at least one occasion. *See Young v. Staude*, 280 Ark. 298, 657 S.W.2d 542 (1983) (trial court cannot deny summary judgment and refuse to find a promissory note usurious but then grant relief not requested by reforming the note to make it non-usurious). We take this occasion to do so again. We formally adopt the reasoning of the court of appeals in *Danco Constr.* and apply it to the facts of this case. In the instant case, as in *Danco Constr.*, the circuit court went far beyond merely denying summary judgment to BPS, but it effectively granted relief to Parker and Winston and foreclosed BPS from further asserting a defense under the Fireman's Rule and from offering evidence at trial on that issue. This was clear error. As in *Danco Constr.*, we consider that portion of the circuit court's order where findings of fact and conclusions of law were made which effectively decided the Fireman's Rule issue to be a final disposition and appealable. We reverse that portion of the circuit court's order where such findings and conclusions were made and hold that the order denying summary judgment must be limited to the single issue of whether genuine issues of material fact exist.

We stress that in deciding as we do today, we are not determining whether the Fireman's Rule applies in this case or does not apply. That is an issue to be further developed in the circuit court. Moreover, we underscore the uniqueness of this case, where the circuit court has drifted into deciding the merits of a matter which was not yet ripe for decision.

■ For the foregoing reasons, the motion of Parker and Winston to dismiss the appeal is denied and the order of the court of appeals granting that motion is vacated. We also reverse that portion of the circuit court's order which makes findings of facts and conclusions of law on the Fireman's Rule defense and remand the case with directions that an order be entered consistent with this opinion.