ARKANSAS INSURANCE DEPARTMENT and Mike Pickens,
Insurance Commissioner *v.* Darryl E. BAKER

03-1259                                              188 S.W.3d 897

Supreme Court of Arkansas
Opinion delivered June 24, 2004

*Ragenea K. Thompson*, for appellants.

*Hodson, Woods & Snively*, by: *Michael Hodson*, for appellee.

RAY THORNTON, Justice. Appellants, the Arkansas Insurance Department and Mike Pickens, Insurance Commissioner, appeal the denial of a motion for summary judgment and denial of a motion for a protective order based upon a finding that the correspondence in question was a public record. The trial court ordered that an unredacted copy of the public record be provided to appellee, Darryl Baker, the president of the Arkansas Trial Lawyers Association ("ATLA"). We hold that the appeal must be dismissed because the trial court has not entered a final order, because there is no Rule 54(b) certificate, and because this case does not fit within the exception in *Gipson v. Brown*, 288 Ark. 422, 706 S.W.2d 369 (1986).

During the 2003 legislative session, the General Assembly debated tort reform. Appellant Pickens, in his official capacity, took part in the debate through testimony to the General Assembly, as well as through public statements and interaction with the media.

ATLA was opposed to the proposed tort reforms while appellant Pickens supported them. ATLA, through the private e-mail of its members, maintained a listserv. On January 13, 2003, ATLA members discussed appellant Pickens and his actions in furtherance of the tort reform bills before the General Assembly as well as methods to oppose the tort-reform bills and proposals made by appellant Pickens. Appellant Pickens is not a member of ATLA, nor is he included in the ATLA listserv.

An unknown party having access to the ATLA listserv forwarded to appellant Pickens the e-mail discussion pertaining to appellant Pickens's actions, the ways of opposing appellant Pickens, and the ways of opposing the tort-reform bills. Appellant Pickens printed a hard copy of the e-mail, and at some point during the day, the name of the person who sent the e-mail was redacted from the hard copy in preparation for

releasing the hard copy to the press. Appellee Baker, president of ATLA, made a Freedom of Information Act ("FOIA") request that same day. At some point during the day, the computer copy of the e-mail was deleted.

Appellants released a copy of the redacted correspondence to appellee and claimed to have met the FOIA requirements. Appellee then requested an unredacted copy of the e-mail, which was denied by appellants. They claimed that the unredacted correspondence did not exist as a public record at the time of the FOIA request.

This lawsuit was filed. Appellee began discovery with interrogatories and a request for the production of documents, including an unredacted version of the e-mail forwarded to appellant Pickens. Appellants submitted a motion for a protective order to the trial court to prevent disclosure of an unredacted version of the e-mail before the conclusion of litigation on whether the e-mail was a public record subject to the FOIA. Appellants also moved for summary judgment, arguing that the e-mail was not a public record because it was not created by or affirmatively sought by appellant Pickens. In denying appellants' motion for summary judgment, the trial court held that the correspondence was a public record. The trial court denied appellants' motion for a protective order, and ordered an unredacted copy of the e-mail to be produced in accordance with discovery requests.

Appellants raise three points on appeal. First, appellants argue that the trial court erred in denying the motion for a protective order because the disclosure sought goes to the ultimate issue of the case. Secondly, appellants argue that the trial court erred in determining that the correspondence was a public record. Finally, appellants argue that if the correspondence was a public record, then they complied by releasing the version of the correspondence as it existed at the time of the FOIA request.

Appellee raises a jurisdictional challenge, asserting that this is an improper interlocutory appeal. Appellee notes, "Where no final or otherwise appealable order is entered, [an appellate court] lacks jurisdiction to hear the appeal." *Ford Motor Co. v. Harper*, 353 Ark. 328, 107 S.W.3d 168 (2003). Appellee further contends that there are issues yet to be determined by the trial court, including whether appellants redacted the information before or after the FOIA request, how, when, and by whom the computer copy was deleted, and whether either the redaction of the hard copy or the deletion of the computer copy constituted an intentional denial of access under FOIA.

Our Ark. R. App. Pro.—Civ. 2 articulates when an order·may be appealed. The rule allows for the appeal of final judgments, the grant or refusal of a new trial, an order striking part of an answer, an interlocutory order pertaining to an injunction, and orders certified by the trial court to be a final judgment under the provisions of Rule 54(b)(1) of the Arkansas Rules of Civil Procedure. Ark. R. App. Pro.—Civ. 2. A final order will dismiss the parties from the court, discharge them from the action, or conclude their rights to the subject matter in controversy. *U.S. Bank v. Milburn,* 352 Ark. 144, 100 S.W.3d 673 (2003). We have previously held that the denial of a motion for a protective order to quash a subpoena is not a final and appealable order. *In re Badami,* 309 Ark. 511, 831 S.W.2d 905 (1992) (holding that in the event of a subsequent contempt citation, the case would likely be appealed to this court creating piecemeal litigation.). We have recognized an additional exception to the rules and allowed an appeal of an interlocutory order when it determined the ultimate issue of the case. *Gipson, supra.*

The threshold issue is whether the trial court's order meets the criteria set out in Ark. R. App. Pro.—Civ. 2(a) or effectively disposes of the litigation as in *Gipson, supra.* The order in this case has not been certified as a final order pursuant to Ark. R. Civ. Pro. 54(b)(1), does not deal with an injunction, and does not meet other requirements for an interlocutory appeal. Appellants recognize that there is no basis for the review of a denial of a motion for summary judgment. *BPS, Inc. v. Parker,* 345 Ark. 381, 47 S.W.3d 858 (2001); *see also Gibson Appliance Co. v. Nationwide Ins.* Co., 341 Ark. 536, 20 S.W.3d 285 (2000); *Dobie v. Rogers,* 339 Ark. 242, 5 S.W.3d 30 (1999); *Hartford Ins. Co. v. Mullinax,* 336 Ark. 335, 984 S.W.2d 812 (1999); *Liberty Mut. Ins. Co. v. Thomas,* 333 Ark. 655, 971 S.W.2d 244 (1998).

We now turn our attention to appellants' argument that the *Gipson* exception should apply in this case. Under this exception, an interlocutory order may be reviewed by an appellate court when it effectively disposes of the litigation and leaves the appellants in a position without an appropriate remedy by means of appeal. *Gipson, supra.* In *Gipson,* the plaintiffs sought to use discovery to require disclosure of the financial records of an incorporated church during litigation seeking to obtain inspection of those financial records. The trial court's interlocutory order requiring the release of the information through discovery was held to effectively dispose of the litigation. *Id.*

The ultimate goal of the lawsuit in *Gipson* was to require the church to produce the financial documents. When the trial court ordered the documents to be disclosed pursuant to a discovery request, the ultimate issue of the lawsuit was determined and there was no other avenue for appellate review. *Id.* We asserted our jurisdiction because of the dispositive nature of the order in accord with the Arkansas Rules of Appellate Procedure—Civil 2(a)(2) and entertained the appeal. *Id.*

■  Here, appellants claim that the only issue involved in the lawsuit is appellee's attempt to discover the name of the individual who forwarded the ATLA listserv correspondence to appellant Pickens. Appellants argue that they will be left in the same untenable position of the church in *Gipson*. Appellants, however, are mistaken. Appellee correctly argues that there are issues yet to be resolved by the trial court in this case. In particular, the trial court has yet to determine whether there was an intentional impeding of access to the correspondence under the FOIA. Appellee, in his amended complaint, alleged that appellants intentionally violated the FOIA and that the correspondence was redacted after the FOIA request was made. Other issues remain to be decided, and we hold that this case does not fall within the narrow exception that we outlined in *Gipson, supra.*

■  In conclusion, we find that the trial court's order is not a final and appealable order pursuant to the Ark. R. App. Pro.— Civ. 2. We do not review the denial of a motion for summary judgment. We do not review the denial of a protective order. Moreover, this case does not fall within the narrow exception outlined in *Gipson, supra.*

For these reasons, we hold that this appeal must be dismissed because of the lack of a final, appealable order, and, accordingly, we do not reach the remaining issues.

Appeal dismissed.

DICKEY, C.J., and CORBIN, J., dissent.

BETTY C. DICKEY, Chief Justice, dissenting. Because the majority holds that this case does not fit within the *Gipson v. Brown,* 288 Ark. 422, 426, 706 S.W.2d 369 (1986), exception, I respectfully dissent. In *Gipson,* this court reviewed an interlocutory order compelling discovery of a church's financial information. *Id.* This court held that the release of financial data was subject to discovery but would not be required until the final ruling was

obtained because the information sought was the object of the lawsuit. *Id.* Therefore, to compel discovery in that case would be the equivalent of a ruling on the merits, and the appeal was reviewable. *Id.*

This court stated:

> If appellants comply with the discovery order and the trial court concludes after the trial that appellees were not entitled to the information they sought, appellants could not be placed in their former condition. *See Johnson v. Johnson,* 243 Ark. 656, 421 S.W.2d 605 (1967), *rehearing denied.* Therefore, since we find the discovery order is the equivalent of a decision on the merits, the appellants need not release the information that is the subject of this lawsuit until a final ruling is obtained.

*Gipson, supra.*

While there may be distinctions between *Gipson* and the case at hand, *Gipson* still controls. In *Gipson,* the church claimed a constitutional interest in keeping its financial data confidential, because if the financial information were disclosed, the church's ability to administer itself would suffer as a consequence. *Id.* In the present case, the information sought is not so important as to impair any possible function of the AID or to implicate any constitutional rights.

The *Gipson* case was a dispute over the corporate structure of a non-profit organization and its finances. Here, the case involves possible violations of a statute enacted solely for the public interest, the FOIA, which this court has mandated must be construed liberally to encourage the public good for which it was enacted. *Laman v. McCord,* 245 Ark. 401, 432 S.W.2d 754 (1968).

I disagree with the majority as to whether this case falls under the *Gipson* exception. If the Commissioner and the AID are required to disclose who sent the emails, Baker has won this case without it ever being heard. Therefore, the only real issue involved in this lawsuit is appellee's attempt to discover the name of the individual who forwarded the ATLA Listserv to appellant Pickens. Because receiving the name of the sender of the email is the ultimate issue in this case, the appellants are left in the same untenable position as the church in *Gipson.* The majority opinion states that there are issues yet to be resolved by the trial court in this case, such as whether there was an intentional impeding of access to the email under the FOIA. However, I see no real remedy in

what appellees are seeking. The Arkansas Insurance Commission is already aware that they are required to follow the FOIA.

The interrogatory of appellee Baker requesting disclosure of the full name, address, occupation, telephone number and email address of the sender of the email definitely goes to the ultimate issue of this case. By answering a question that goes to the ultimate issue, the merits of the case are determined. In other words, by requiring a party to answer such an inquiry, the discovery order is equivalent to a decision on the merits. While Baker premises his case on the FOIA, it is really a means by which to determine the identity of the person who outed the private ATLA Listserv discussion. Consequently, the sender of the email's identity is the ultimate issue in this case, and the trial court's Order requiring disclosure is tantamount to a decision of this case on the merits.

While there are many valid Freedom of Information Act requests, following the majority in this case will lead to abuse and misinterpretations of the FOIA. This Listserv discussion was supported and maintained by a private group of Arkansas lawyers. The forwarded email merely stated the opinions of various attorneys regarding tort reform. All that is really requested is the name of the person who forwarded the email to appellants. This court should not be placed in the middle of a frivolous lawsuit when the name of the sender is not relevant to any public record issue.

CORBIN, J., joins in this dissent.