Cite as 2025 Ark. App. 462

# ARKANSAS COURT OF APPEALS
## DIVISION II
#### No. CV-24-377

| | |
|---|---|
| SHELTER MUTUAL INSURANCE COMPANY<br><br>APPELLANT<br><br>V.<br><br>FRANCISCO VELAZQUEZ<br>APPELLEE | Opinion Delivered October 1, 2025<br><br>APPEAL FROM THE NEVADA COUNTY CIRCUIT COURT<br>[NO. 50CV-23-16]<br><br>HONORABLE DUNCAN CULPEPPER, JUDGE<br><br>DISMISSED WITHOUT PREJUDICE |

**CINDY GRACE THYER, Judge**

This is an interlocutory appeal from the Nevada County Circuit Court's order granting partial summary judgment in favor of appellee Francisco Velazquez in his uninsured-motorist claim against appellant Shelter Mutual Insurance Company. Because the grant of partial summary judgment is not a final, appealable order and because no other basis for appellate jurisdiction exists, we must dismiss for lack of jurisdiction.

In February 2022, James Mayberry rear-ended a vehicle driven by Roy Gierth. Francisco Velazquez, a passenger in Gierth's vehicle, was injured in the accident. Believing Mayberry to be uninsured, Velazquez filed an uninsured-motorist claim with Gierth's insurer, Shelter Mutual Insurance Company ("Shelter"). Shelter paid the mandatory

minimum medical benefits to Velazquez but otherwise denied his uninsured-motorist claim, claiming the uninsured-motorist coverage in the policy did not cover him as a passenger.[1]

On March 29, 2023, Velazquez filed suit in the Nevada County Circuit Court asserting claims of negligence against Mayberry and breach of contract against Shelter. Shelter answered, responding that no coverage existed under the policy because Velazquez was not an insured, and thus, Shelter had no duty to provide benefits.

In October 2023, Shelter filed a summary-judgment motion alleging that Velazquez, as a passenger, did not meet the definition of "insured" for purposes of the policy's uninsured-motorist provisions. Valezquez responded that (1) he is entitled to coverage under the terms of the policy, either by its express terms or through an ambiguity in its language; and (2) Shelter's interpretation of coverage violates public policy. Shelter replied that the language of the policy was not ambiguous and that public policy does not require that uninsured-motorist coverage be provided to individuals not insured by the policy.

A hearing on the motion was held on January 9, 2024. After hearing the arguments of counsel, the court stated:

> I am going to deny the motion for summary judgment. I think that the policy does cover the passengers as has been argued. If not, the uninsured motorist coverage would have little meaning under the statute and I don't think it was the intent of the legislature either.

---

[1]Shelter did pay Gierth, as an insured, under the uninsured-motorist-coverage provision of its policy.

Shortly after the written order denying the motion was filed,[2] Velazquez filed a motion for summary judgment arguing that he was entitled to summary judgment because of the court's ruling that Shelter's policy provided uninsured-motorist coverage to him as a passenger and asked that he be awarded the relief requested in his complaint. Shelter opposed the motion, reiterating its arguments from its previous motion and further supplementing its public-policy arguments with a statutory analysis of the uninsured-motorist statute and a citation to similar cases from other jurisdictions. Shelter further noted that, because Velazquez's motion for summary judgment addressed only the issue of coverage, a trial was still necessary on the issue of damages.[3]

On February 22, the circuit court entered an order granting Velazquez's motion for summary judgment. In so doing, it found that Velazquez was covered by Shelter's uninsured-motorist provisions and stated that Shelter's "affirmative defense" of no coverage was "stricken." Shelter filed a timely notice of appeal, and this appeal followed.

Before we reach the merits of Shelter's appeal, we must first determine whether we have jurisdiction to do so.

An appeal may be taken from a final judgment or decree entered by the circuit court or from an order that, in effect, determines the action and prevents a judgment from which

---

[2]The order denying the motion was filed on January 19, 2024. It simply stated, "Separate defendant, Shelter Insurance Company's Motion for Summary Judgment should be, and hereby is, denied."

[3]Shelter further claimed that, if the court granted Velazquez's motion for summary judgment, its order would be appealable since it would serve to strike its primary defense.

an appeal might be taken or discontinues the action. Ark. R. App. P.–Civ. 2(a)(1) & (2). A final order is one that dismisses the parties from the court, discharges them from the action, or concludes their rights to the subject matter in controversy. *Hankook Tire Co., Ltd. v. Philpot*, 2016 Ark. App. 386, at 6, 499 S.W.3d 250, 253. However, a judgment or order that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not terminate the action as to any of the claims or parties absent a certificate from the circuit court directing that the judgment is final. *See* Ark. R. Civ. P. 54(b)(2). The court's order here does not adjudicate all the rights and liabilities of the parties, nor does it contain the appropriate Rule 54(b) certificate.

In its jurisdictional statement, Shelter acknowledges that its appeal is interlocutory in nature but claims appellate jurisdiction pursuant to Arkansas Rule of Appellate Procedure– Civil 2(a)(2), (a)(4). Shelter's assertion of appellate jurisdiction is mistaken.

As stated above, under Rule 2(a)(2) an immediate appeal may be taken from an order that, in effect, determines the action and prevents a judgment from which an appeal might be taken or that discontinues the action. *See Gammill v. Provident Life & Acc. Ins. Co.*, 346 Ark. 161, 55 S.W.3d 763 (2001) (an order denying a motion for summary judgment combined with a dismissal on the merits effectively terminated the proceeding below); *Gipson v. Brown*, 288 Ark. 422, 706 S.W.2d 369 (1986) (discovery order directing the release of the very information sought by complaint was the equivalent of a decision on the merits); *Compare Ark. Ins. Dep't v. Baker*, 358 Ark. 289, 188 S.W.3d 897 (2004) (order denying motion for summary judgment in Freedom of Information Act action and motion for protective

order was not immediately appealable because there were other issues yet to be resolved by the circuit court). This rule allows an appeal from an order that, while technically interlocutory in nature, has the practical effect of a final ruling on the merits of the case. *Doe v. Union Pac. R.R. Co.*, 323 Ark. 237, 241, 914 S.W.2d 312, 314 (1996). However, if the decision does not, from a practical standpoint, conclude the merits of the case, the appeal is premature even if the issue on which a court has rendered a decision might be an important one. *See Plunk v. State*, 2012 Ark. 362 (per curiam); *Doe v. Union Pac. R.R.*, 323 Ark. 237, 914 S.W.2d 312 (1996). The order in this case does not, from a practical standpoint, conclude the merits of the case.

Here, in addition to the remaining issue of damages between Shelter and Velazquez, we note that Velazquez's claims against Mayberry are also still outstanding. Velazquez's complaint alleges that Mayberry claimed to be insured by Farm Bureau but that Farm Bureau later denied having an active policy of insurance covering Mayberry at the time of the accident. It does not appear from our record that Mayberry has answered the complaint either admitting or denying this allegation, nor has the issue of his coverage (or lack thereof) been definitively established. In fact, in its answer, Shelter stated that it lacked sufficient information to either admit or deny whether Mayberry was uninsured; it suspected he was uninsured. Thus, the rights of all the parties have not been conclusively established as required for jurisdiction under Rule 2(a)(2). *See Martin v. Black & White Cab Co.*, 321 Ark. 432, 901 S.W.2d 17 (1995) (holding that an appeal of an uninsured-motorist-coverage claim was interlocutory despite stipulation that motorist was uninsured because stipulation was

conditional and the question of whether third party was insured was still outstanding). This is especially relevant in that Mayberry's status as an uninsured motorist is essential to Velazquez's claims under Shelter's uninsured-motorist provision. Accordingly, the court's order granting partial summary judgment in favor of Velazquez on the issue of whether passengers are covered by the uninsured-motorist provisions of Shelter's policy has not fully determined or discontinued the action.

Nor does Rule 2(a)(4) grant us appellate jurisdiction in this instance as Shelter suggests. Rule 2(a)(4) grants appellate jurisdiction over an appeal from an "order which strikes out an answer, or any part of an answer, or any pleading in an action."[4] Citing *BPS, Inc. v. Parker*, 345 Ark. 381, 47 S.W.3d 858 (2001), and *Kenmark Optical, Inc. v. Ford*, 2023 Ark. App. 431, Shelter claims that this interlocutory appeal is appropriate because the circuit court "effectively ruled" on its "affirmative defense," thereby rendering the disposition final and appealable. Neither case supports Shelter's assertion.

In *Parker*, our supreme court permitted the appellant to bring an appeal from a denial of a motion for summary judgment after the circuit court engaged in improper fact-finding.

---

[4]We note that the circuit court's "striking" of Shelter's affirmative defense here was not procedural in nature (i.e., the result of an untimely answer; the untimely assertion of an affirmative defense; or the imposition of sanctions for a discovery violation). That is typically what is contemplated by Rule 2(a)(4). Rather, its decision was a substantive determination as a matter of law—something courts routinely do in the course of civil litigation. The very purpose of the finality requirement is to avoid piecemeal litigation. *K.W. v. State*, 327 Ark. 205, 937 S.W.2d 658 (1997); *C.M. v. State*, 2015 Ark. App. 595. To consider every such legal ruling as tantamount to the striking of a pleading and to allow interlocutory appeals from such rulings would defeat the very purpose of our rule.

In doing so, the circuit court effectively ruled on the appellant's defense and prevented the appellant from presenting its defense to the jury. That is not the case here. The circuit court in this case did not engage in improper fact-finding—the material facts were not in dispute. Instead, the circuit court simply interpreted the policy provisions—a question of law to be decided by the court, not the jury. *Farm Bureau Mut. Ins. Co. of Ark., Inc. v. Hopkins*, 2018 Ark. App. 174, 545 S.W.3d 257 (The construction and legal effect of written contracts are matters to be determined by the court, not by the jury, except when the meaning of the language depends on disputed extrinsic evidence.). Thus, unlike the summary-judgment order in *Parker*, the circuit court's summary judgment in this case does not prevent Shelter from presenting any factual matters to the jury.

This case is closer to the facts in *Kenmark Optical*. In *Kenmark Optical*, the appellant alleged the statutes on which appellee's claims were based were facially unconstitutional. The circuit court subsequently granted a partial summary judgment that left the appellee's claim against the appellant in place but barred the appellee from seeking statutory treble damages. Appellant appealed, claiming the order of partial summary judgment effectively ruled on an affirmative defense, preventing presentation of the defense at trial and was, thus, appealable pursuant to Arkansas Rule of Appellate Procedure–Civil 2(a)(4). The appellee argued that the court's order was not the equivalent of the striking of an answer or a part thereof for jurisdictional purposes and that the appeal should be dismissed on jurisdictional grounds. We agreed.

This case is no different. Unlike the circuit court in *Parker*, the court here did not engage in improper fact-finding; instead, it found that, as a matter of law on the undisputed facts, coverage existed for passengers under the uninsured-motorist provisions of Shelter's policy. This is no different from what the circuit court did in *Kenmark Optical* when it ruled on the constitutionality of the statutes in question as a matter of law. And, just as in *Kenmark Optical*, the issue of damages remained. Thus, this case appears to be indistinguishable from the scenario presented in *Kenmark Optical*. As such, the sentence in the circuit court's order referring to the "striking" of Shelter's defense of noncoverage is nothing more than a misnomer.

Finally, the other provision that could have provided jurisdiction in this case is Rule 2(a)(11), which allows for an interlocutory appeal under the strict confines of Rule 54(b) of the Arkansas Rules of Civil Procedure. Because that procedure was not followed here, we must dismiss this appeal for lack of jurisdiction.

For the foregoing reasons, we dismiss.

Dismissed without prejudice.

ABRAMSON and HIXSON, JJ., agree.

*Hudson, Potts & Bernstein, LLP*, by: *G. Adam Cossey*, for appellant.

*Turner & Turner, P.A.*, by: *Todd Turner* and *Dan Turner*, for appellee.