Tod HALL *v.* Doug FREEMAN

96-179                                    942 S.W.2d 230

Supreme Court of Arkansas
Supplemental Opinion on Denial of Rehearing
delivered March 24, 1997

*Melinda R. Gilbert*, for appellant.

*Randell Templeton*, for appellee.

DAVID NEWBERN, Justice. Doug Freeman, the appellee, claims our opinion erred in stating that he did not cross-appeal from the Chancellors' ruling that he was barred by *res judicata* from denying his paternity of Stuart Freeman. Mr. Freeman did file a notice of appeal, but he presented no cross-appeal to this Court.

Mr. Freeman contends the issue of *res judicata* was argued "fully and completely" in Point II. of Tod Hall's original appellant's brief and in Point II. of his (Doug Freeman's) appellee's brief. Point II. of Mr. Hall's brief argued the Chancellor erred in failing to apply *res judicata* so as to bind the child, Stuart Freeman, by the original divorce decree. Mr. Hall's contention was that Stuart was in privity with the parties and thus bound by that decree. Mr. Freeman's Point II. was stated as follows: "The Trial Court Did Not Err In Determining Paternity Based Upon the Doctrines, Res Adjudicata and Collateral Estoppel." His argument was that Tod Hall was not a party to the divorce proceeding and thus he had no standing to assert *res judicata* with respect to any of the parties to the divorce proceeding or to the child. He then added this sentence: "The Appellee, Doug Freeman, contends that he is likewise not bound in asserting that Tod Hall is the putative father of the minor child." All of the remainder of the argument is devoted to showing that the child, Stuart Freeman, was not bound by the divorce decree and that the Chancellor did *not* err in her ruling to that effect. Perhaps it could be said that both parties fully and completely argued the issue of *res judicata* in their appellate briefs, but the argument was not about whether Doug Freeman was bound. Doug Freeman's point of appeal and his argument, again, were that the Chancellor had *not* erred. No cross-appeal was presented.

Our Rule 4-4(b) governs the briefs of appellees and cross appellants. After general provisions concerning appellees' briefs, it states, "This Rule shall apply to cross-appellants. *If the cross-appellant is also the appellee, the two separate arguments may be*

*contained in one brief*, but each argument is limited to 25 pages. [Emphasis added.]" The Rule obviously contemplates the arguments of appellee and cross-appellant as "separate arguments." There is no authority to support the contention that a cross-appellant is relieved of presenting his argument as required by Rule 4-4(b) on the ground that he may have made a similar appellee's argument. While the Rule would have allowed Mr. Freeman to place his two separate arguments in the same brief, it does not relieve him of the burden of making those arguments.

Petition denied.

BROWN, J., dissents.

ROBERT L. BROWN, Justice, dissenting. At one point in his original brief on appeal, Doug Freeman wrote:

> The Appellee, Doug Freeman, contends that he is likewise not bound in asserting that Tod Hall is the putative father of the minor child.

Hence, it cannot be maintained that Doug Freeman abandoned this argument. Neither party would agree that that was the case.

Why is the issue important? The chancellor concluded that Doug Freeman was bound by the language in his divorce decree that the parties have one minor child. That undoubtedly is the issue on which he cross-appealed. If Doug Freeman is not barred by *res judicata*, this is additional reason to hold that he had standing to advance the paternity argument. Of course, I concluded in my dissent to the original decision in this case that Freeman had standing to raise the paternity issue irrespective of the *res judicata* defense. *See Hall v. Freeman*, 327 Ark. 148, 936 S.W.2d 761 (1997). (Brown, J., dissenting). But the bottom line is that Freeman (1) did cross-appeal, and (2) did argue that he was not bound by *res judicata* to this court, albeit briefly. He deserves to have the issue addressed and decided.

I would also grant rehearing on the merits. When a putative father, the natural mother, and the guardian for the child all agree that paternity should be determined, the requirements of Ark.

Code Ann. § 9-10-104 (Repl. 1993), have been met. For these reasons, I respectfully dissent.