RHEEM MANUFACTURING, INC., Old Republic
Insurance Co. and Second Injury Fund *v.* Jimmy BARK

CA 06-539                                                          245 S.W.3d 716

Court of Appeals of Arkansas
Opinion delivered December 20, 2006

*Ledbetter, Cogbill, Arnold & Harrison, LLP*, by: *E. Diane Graham* and *R. Chris Parks*, for appellants.

*Walker, Shock, Cox & Harp, PLLC*, by: *Eddie H. Walker, Jr.*, for appellee.

LARRY D. VAUGHT, Judge. The single issue in this appeal from the Arkansas Workers' Compensation Commission concerns the proper calculation method for determining an average-weekly wage pursuant to Arkansas Code Annotated section 11-9-518(c) (Repl. 2002). We affirm.

On March 24, 2005, an administrative law judge found that appellant Jimmy Bark's average weekly wage was $391, which entitled him to compensation at the rate of $261 per week for total disability benefits. After a de novo review of the record, the Commission reversed the ALJ's decision and found that Bark had an average weekly wage of $570, which entitled him to compensation at the rate of $380 per week for total disability benefits. It is from this decision that Rheem Manufacturing, Inc., appeals.

Bark had been employed by Rheem for twenty-eight years. The parties stipulated that Bark had suffered a compensable injury to his lumbar spine while working for Rheem on November 20, 2003. As a result of that compensable injury, Bark was assigned a permanent physical impairment rating in an amount equal to ten percent to the body as a whole, which was accepted and paid by Rheem. Additionally, the Second Injury Fund accepted liability for benefits and agreed that Bark was permanently and totally disabled.

Bark testified that he worked for Rheem as a full-time employee and was required to be available for work forty hours per week, even though he did not always work forty hours in a week.

Prior to November 20, 2003, Bark acknowledged that he had undergone numerous surgical procedures, some of which were work related and others that were not. Bark also admitted that he did miss work as a result of these surgeries. Specifically, he missed work from May 8, 2003, through September 28, 2003, for a non-work-related surgery to his knee. He also testified that he missed work for various periods of time under the Family Medical Leave Act and for "company convenience."[1]

The Commission, agreeing in part with the ALJ, found that because Bark did not have a contract to work forty hours a week, he was not entitled to a $608 average weekly wage. However, after recognizing that the case presented exceptional circumstances, the Commission took exception with the method in which the ALJ determined the average weekly wage. Specifically, the Commission expressed concern that the ALJ included the weeks that Bark missed work for other types of leave in its calculation of Bark's average weekly wage. The Commission concluded that the method used by the ALJ was "not just and fair to all parties concerned" and that Bark "should not be penalized for missing work for legitimate health reasons."

In its calculation of Bark's average weekly wage, the Commission began with Bark's final statement, which showed total wages of $20,289.11. The Commission then subtracted out the wages that Bark earned during the week of his injury — $355.39 — resulting in a total wage of $19,933.72. The Commission then divided the total wage by the thirty-five weeks that Bark actually worked. This calculation produced an average weekly wage of $570, which translated to a compensation rate of $380 for total disability benefits. It is from this decision that both Bark and Rheem appeal.

On appeal, Rheem argues that the Commission erred in its calculation of Bark's average weekly wage. Specifically it contends that the only "fair and just" way to approach the calculation is to use the same method employed by the ALJ. Rheem contends that the Commission's award has resulted in a "double recovery" for Bark and therefore cannot be either just or fair.

---

[1] Company convenience occurred when Rheem did not have sufficient work available. Employees with enough seniority could chose to take off work with no pay, and the absence would not count against them. Bark testified that he frequently took off under company convenience in order to take care of his wife.

In determining the sufficiency of the evidence to support the findings of the Commission, we view the evidence and all reasonable inferences deducible therefrom in the light most favorable to its findings, and we will affirm if those findings are supported by substantial evidence. *Winslow v. D & B Mech. Contractors*, 69 Ark. App. 285, 13 S.W.3d 180 (2000). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Id.* The determination of the credibility and weight to be given a witness's testimony is within the sole province of the Commission. *Farmers Coop. v. Biles*, 77 Ark. App. 1, 69 S.W.3d 899 (2002). The Commission is not required to believe the testimony of the claimant or any other witness, but may accept and translate into findings of fact only those portions of the testimony it deems worthy of belief. *Id.* We will not reverse the Commission's decision unless we are convinced that fair-minded persons with the same facts before them could not have reached the conclusions arrived at by the Commission. *Wal-Mart Stores, Inc. v. Sands*, 80 Ark. App. 51, 91 S.W.3d 93 (2002).

The statute governing average weekly wages as a basis for compensation is codified at Arkansas Code Annotated section 11-9-518 (Repl. 2002). That statute states in pertinent part:

> (a)(1) Compensation shall be computed on the average weekly wage earned by the employee under the contract of hire in force at the time of the accident and in no case shall be computed on less than a full-time workweek in the employment. . . .
>
> . . . .
>
> (c) If, because of exceptional circumstances, the average weekly wage cannot be fairly and justly determined by the above formulas, the commission may determine the average weekly wage by a method that is just and fair to all parties concerned.

Viewing the evidence in the light most favorable to the Commission's findings, the record shows that the Commission followed a method of calculation consistent with its statutory call. The Commission made a finding that Bark should not be punished for legitimate leave time. We are satisfied that the Commission's refusal to dilute Bark's average weekly wage based on time he missed due to excused leave did not produce a "double recovery." Because the Commission's approach to determining Bark's average weekly wage was "fair and just," we affirm the decision of the Commission.

In the appeal brief submitted to our court, Bark contends that at the time of his injury he had a contract of hire for forty hours per week, which amounts to an average weekly wage of $608. He argues that the Commission erred in its decision finding otherwise. Although Bark did file a notice of cross-appeal, he did not file a brief setting forth his arguments in support of his cross-appeal. Instead he made his argument in response to the arguments of Rheem on appeal. He did not include in his brief a separate argument in support of his cross-appeal. Our supreme court has dealt with a similar scenario.

In *Hall v. Freeman*, 327 Ark. 720, 942 S.W.2d 230 (1997), appellee Freeman filed a notice of cross-appeal and filed a brief in response to appellant's brief on appeal. Freeman did not include separate arguments in support of his cross-appeal in his brief. The supreme court held that because Freeman did not include a section in his brief setting forth his arguments on cross-appeal, he had in effect presented no cross-appeal even though he had advanced similar arguments in his brief in response to appellant's argument. In short, the supreme court concluded that where appellee is also the cross-appellant, a separate argument must be presented in its brief in order to present a cross-appeal. Making an argument reflecting the substance of the cross-appeal in response to appellant's argument simply is not enough to present the argument for appellate review. Therefore, based on the reasoning of the *Hall* decision, we refuse to reach the merits of Bark's argument.

Affirmed.

GLOVER and CRABTREE, JJ., agree.