2018 Ark. 35

**Patricia CANNADY, individually and as Administratrix of the Estate of Anne Pressly, Deceased, Appellant/Cross–Appellee**

v.

**ST. VINCENT INFIRMARY MEDICAL CENTER, Appellee/Cross–Appellant**

Sarah Elizabeth Miller,
Separate Appellee

Jay Holland, M.D.; Candida Griffin,
Separate Cross–Appellants

No. CV–17–121

Supreme Court of Arkansas.

Opinion Delivered: February 8, 2018

McDaniel Law Firm, PLC, Jonesboro, by: Bobby McDaniel; and Baker Schulze Murphy & Patterson, by: J.G. "Gerry" Schulze, for appellant.

Munson, Rowlett, Moore and Boone, P.A., by: Beverly A. Rowlett, Timothy L. Boone, and Sarah Greenwood, for appellee St. Vincent Infirmary Medical Center.

Taylor & Taylor Law Firm, P.A., Little Rock, by: Andrew M. Taylor and Tasha C. Taylor, for appellee Jay Holland.

Seddiq Law Firm, by: Justin Eisele, Benton, for appellee Candida Griffin.

COURTNEY HUDSON GOODSON,
Associate Justice

Appellant Patricia Cannady, individually and as administratrix of the estate of Anne Pressly, appeals the order of the Pulaski County Circuit Court granting summary judgment in favor of St. Vincent Infirmary Medical Center (St. Vincent). St. Vincent, Jay Holland, and Candida Griffin cross-appeal the denial of their motions for summary judgment as to Cannady's outrage claim. We have jurisdiction over this case pursuant to Ark. Sup. Ct. R. 1–2(a)(7), because it is a second, or subsequent, appeal of this matter in this court. See Cannady v. St. Vincent Infirmary Med. Ctr., 2012 Ark. 369, 423 S.W.3d 548 (Cannady I). We affirm on direct appeal and dismiss the cross-appeal.

I. Facts and History

On October 20, 2008, Cannady's daughter, Anne Pressly, was assaulted in her home and was hospitalized at St. Vincent where she died as a result of her injuries on October 25, 2008. Pressly was a news anchor for a Little Rock television station, and there was a high degree of public interest in the facts of her case. Holland was a physician practicing at St. Vincent but was not a St. Vincent employee. Griffin and Sarah Elizabeth Miller were St. Vincent employees.[1]

In a complaint filed October 16, 2009, Cannady alleged claims of invasion of privacy and outrage against St. Vincent, Holland, Griffin, and Miller.[2] Cannady alleged

---

1. Miller is not participating in this appeal.

2. Cannady originally named as defendants Catholic Health Initiatives and First Initia-

that Holland, Griffin, and Miller each accessed Pressly's medical record with no legitimate reason, and that St. Vincent took no action to restrict access to medical records available through its electronic database system. Cannady filed an amended complaint on January 7, 2010, adding that Holland, Griffin, and Miller each pled guilty to a violation of 42 U.S.C. § 1320d–6(a)(2), which governs the wrongful disclosure of individually identifiable health information.

St. Vincent answered and argued that any claim for invasion of privacy or outrage did not survive Pressly's death. Holland, Griffin, and Miller filed separate answers. St. Vincent filed a motion for summary judgment, again arguing that an invasion-of-privacy claim does not survive the death of the decedent, and that the claim for the tort of outrage also failed because it was based on the invasion of privacy. Holland, Griffin, and Miller each filed motions for summary judgment adopting St. Vincent's motion. The circuit court granted the motions, and Cannady appealed to this court. We affirmed in part and reversed in part, finding that the circuit court improperly dismissed the outrage claim solely because it was based on the same conduct as the invasion-of-privacy claim, which was extinguished by Pressly's death. We concluded:

> However, neither St. Vincent nor the circuit court has cited to any authority for the proposition that two separate claims cannot be based on the same conduct. In addition, the outrage claim was not made on behalf of the decedent, but on appellant's own behalf, and the court failed to make any findings regarding whether sufficient facts existed to state a cause of action for outrage. Thus, we reverse the court's order on this point and remand for further proceedings.

*Cannady I*, 2012 Ark. 369, at 10–11, 423 S.W.3d 548.

Because the circuit court determined that St. Vincent could not be held vicariously liable for the conduct of employees when the claims against the employees failed, we also reversed as to the dismissal of the outrage claim against St. Vincent.

On remand, St. Vincent, Holland, and Griffin again filed motions for summary judgment. St. Vincent argued that it was entitled to summary judgment because the conduct alleged to give rise to the tort of outrage was not, as a matter of law, the type of conduct that would support such a claim under Arkansas law; Arkansas does not recognize a cause of action when the defendant's conduct is directed to a third person; and even if Arkansas were to recognize such a cause of action, summary judgment would still be appropriate because Cannady was not present when the allegedly outrageous conduct occurred. St. Vincent further argued that it could not be held vicariously liable for the conduct of Griffin and Miller because the conduct was not committed within the scope of their employment. Both Holland and Griffin argued that the conduct alleged is not the type of conduct that will support a claim for the tort of outrage under Arkansas law. Holland and Griffin also argued that Arkansas does not recognize a cause of action when the defendant's conduct is directed to a third person and that even if Arkansas were to recognize such a cause of action, Cannady was not present when the alleged outrageous conduct occurred.

tives Insurance Company, but they were dismissed by agreement of the parties. The complaint also named as defendants John Does # 1–# 15, but those claims were abandoned pursuant to Ark. R. App. P.,—Civ. 3(e)(vi).

In response, Cannady argued the law of the case precluded consideration of any issue except whether the conduct alleged rose to the level of outrage. Cannady further argued that the conduct alleged was sufficiently extreme and outrageous for an outrage claim.

The circuit court found that the arguments made by St. Vincent, Holland, and Griffin in their second motions were not barred by the law-of-the-case doctrine and denied the motions as to the outrage claim, finding that there were genuine issues of material fact as to whether the conduct of Holland, Griffin, and Miller was sufficiently extreme and outrageous to support a claim of outrage, whether the conduct was directed to a third party, and whether the plaintiff was present at the time the conduct occurred. The court granted St. Vincent's motion as to its vicarious liability, concluding that the conduct of Griffin and Miller was outside the scope of their employment, was for their own desires, and was not authorized or ratified by St. Vincent. Although the order did not dispose of all claims, the circuit court certified the case for an immediate appeal pursuant to Ark. R. Civ. P. 54(b)(1), citing the novel issues presented and the possibility of avoiding a trial altogether. Cannady appealed, arguing that the circuit court erred in ruling that St. Vincent's motion was not barred by the law-of-the-case doctrine and in granting St. Vincent's motion on the ground that the conduct of Griffin and Miller was outside the course and scope of their employment. St. Vincent, Holland, and Griffin filed cross-appeals, arguing that the circuit court erred in not granting summary judgment on the underlying outrage claim.

## II. Discussion

### A. Direct appeal

The law is well settled regarding the standard of review used by this court in reviewing a grant of summary judgment. See *Repking v. Lokey*, 2010 Ark. 356, 377 S.W.3d 211. A circuit court will grant summary judgment only when it is apparent that no genuine issues of material fact exist requiring litigation and that the moving party is entitled to judgment as a matter of law. *Id.* The burden of proof shifts to the opposing party once the moving party establishes a prima facie entitlement to summary judgment, and the opposing party must demonstrate the existence of a material issue of fact. *Id.* After reviewing the undisputed facts, the circuit court should deny summary judgment if, under the evidence, reasonable minds might reach different conclusions from the same undisputed facts. *Id.* On appeal, this court determines if summary judgment was appropriate based on whether the evidentiary items presented by the moving party leave a material question of fact unanswered. *Id.* This court views the evidence in the light most favorable to the party against whom the motion was filed, resolving all doubts and inferences against the moving party. *Id.* This review is not limited to the pleadings but also includes the affidavits and other documents filed by the parties. *Id.*

The circuit court granted St. Vincent's motion for summary judgment with respect to its argument that it could not be liable for actions taken by Griffin and Miller because they were acting outside the scope of their employment when they viewed Pressly's medical records. Cannady first argues that the circuit court erred in finding the law-of-the-case doctrine did not preclude consideration of St. Vincent's argument that it could not be held vicariously liable for the conduct of its employees because they were acting outside the scope of their employment. We addressed the doctrine of the law of the case in *Green v.*

*George's Farms, Inc.*, 2011 Ark. 70, at 7–8, 378 S.W.3d 715, 720:

> The doctrine of law of the case prohibits a court from reconsidering issues of law and fact that have already been decided on appeal. *Cadillac Cowboy, Inc. v. Jackson*, 347 Ark. 963, 69 S.W.3d 383 (2002). The doctrine provides that a decision of an appellate court establishes the law of the case for the trial upon remand and for the appellate court itself upon subsequent review. *Clemmons v. Office of Child Support Enforcement*, 345 Ark. 330, 47 S.W.3d 227 (2001). The law-of-the-case doctrine also prevents consideration of an argument that could have been raised at the first appeal and is not made until a subsequent appeal. *First Commercial Bank v. Walker*, 333 Ark. 100, 969 S.W.2d 146 (1998). The doctrine serves to effectuate efficiency and finality in the judicial process, and its purpose is to maintain consistency and avoid reconsideration of matters once decided during the course of a single, continuing lawsuit. *Jones v. Double "D" Props., Inc.*, 357 Ark. 148, 161 S.W.3d 839 (2004). However, the law-of-the-case doctrine is conclusive only where the facts on the second appeal are substantially the same as those involved in the prior appeal, and it does not apply if there was a material change in the facts. *See Weiss v. McFadden*, 360 Ark. 76, 199 S.W.3d 649 (2004).

St. Vincent argues that the law-of-the-case doctrine is inapplicable because its first motion for summary judgment was based entirely on questions of law and was filed before any depositions were taken. St. Vincent points to our prior decision where we found no reason that the outrage claim could not be based on the same facts as the privacy-violation claim; that the outrage claim was not made on behalf of Pressly but on behalf of Cannady herself;

and that the circuit court failed to make any finding as to whether sufficient facts existed to state a cause of action for outrage. In *Cannady I*, the circuit court determined that the outrage claim failed because it was based on the same facts as the privacy claim. Because there was no actionable claim against the employees, the circuit court determined that St. Vincent had no vicarious liability. St. Vincent did not argue that the employees were acting outside the scope of their employment, and the circuit court never ruled on that issue. In *Cannady I*, we reversed the circuit court's determination that St. Vincent could not be held vicariously liable for the conduct of its employees, and we said that "[b]ecause we are reversing on the outrage claim, we likewise reverse on this point as it relates to the outrage claim and remand." In applying the principles set forth in *Green*, it is clear that the law-of-the-case doctrine does not preclude St. Vincent's argument. We did not determine in *Cannady I* that Griffin and Miller were acting within the scope of their employment or that St. Vincent's argument that it could not be held liable for its employees' conduct, which was outside the scope of their employment, was without merit. Likewise, although Cannady argues that the defense could have been raised in the first appeal, the case is in a different posture now. Now, although the facts have not changed, depositions have been taken, and the record is more developed in that it is now clear that Griffin and Miller were not acting within the scope of their employment, that their actions were in violation of their training and the confidentiality agreements they signed, and that their employment was terminated as a result. Although Cannady argues that the material facts supporting the *respondeat superior* claim were in the record at the time of the first appeal, she alleged in her first amended complaint that the actions of

Griffin and Miller were taken in the course and scope of their employment. Given Cannady's allegation that the actions taken by St. Vincent's employees were within the scope of their employment, St. Vincent could not have argued then that material facts were sufficiently undisputed to establish that it had no vicarious liability for its employees' actions. In light of the previous posture of the case versus its current status, particularly given the former dispute as to whether Griffin and Miller were acting within the scope of their employment, the law-of-the-case doctrine does not preclude St. Vincent's argument.

■ Cannady next argues that even if law of the case does not apply, St. Vincent may still be liable for Griffin's and Miller's actions because they were not unexpectable. If the actions of an employee were not authorized but could be expected given the nature of the job, *respondeat superior* may apply. *See Life & Casualty Ins. Cot. v. Padgett*, 241 Ark. 353, 407 S.W.2d 728 (1966) (holding that an argument and assault arising from an employee's attempt to collect money was not unexpectable). Cannady argues that the improper actions of the employees in looking at medical records without reason could be expected, but St. Vincent trained its employees to not access records without legitimate reason, and federal law prohibits inappropriate access. Griffin and Miller were acting exclusively in their interests, and each pled guilty to a violation of 42 U.S.C. 1320d–6(a)(2). St. Vincent did not ratify or endorse the improper actions in any way. In fact, Griffin and Miller were terminated for their misconduct. St. Vincent trained its employees to respect patients' privacy, and took appropriate action when they did not. St. Vincent is therefore entitled to expect St. Vincent employees to obey hospital policy, to remain faithful to their agreements, and to not violate federal law.

Therefore, the employees' actions were unexpected. No genuine issues of material fact requiring litigation exist, and St. Vincent is entitled to judgment as a matter of law.

### B. Cross-appeal

■ St. Vincent, Holland, and Griffin also cross-appeal the circuit court's order denying their motions for summary judgment as to the tort of outrage. As a preliminary matter, even though the parties do not raise it, we must consider whether the cross-appeal is properly before us. In *Holbrook v. Healthport, Inc.*, 2013 Ark. 87, at 2, 2013 WL 776240, we wrote:

Whether an order is subject to an appeal is a jurisdictional issue that this court has the duty to raise, even if the parties do not. *Myers v. McAdams*, 366 Ark. 435, 236 S.W.3d 504 (2006). Rule 2(a)(1) of the Arkansas Rules of Appellate Procedure–Civil provides that an appeal may be taken from a final judgment or decree entered by the circuit court. Although the purpose of requiring a final order is to avoid piecemeal litigation, a circuit court may certify an otherwise nonfinal order for an immediate appeal by executing a certificate pursuant to Rule 54(b) of the Arkansas Rules of Civil Procedure. *Robinson v. Villines*, 2012 Ark. 211 [2012 WL 1739140].

■ Generally, there is no basis for the review of a denial of interlocutory orders such as motions for summary judgment. *Arkansas Ins. Dep't v. Baker*, 358 Ark. 289, 188 S.W.3d 897 (2004). However, interlocutory appeals may be proper if the order in effect determines the action and prevents a judgment from which an appeal might be taken. *Gipson v. Brown*, 288 Ark. 422, 706 S.W.2d 369 (1986). We have allowed the appeal of the denial of a summary judgment motion when the circuit court in so ruling engages in fact finding

that effectively rules on a party's defense. *BPS, Inc. v. Parker*, 345 Ark. 381, 47 S.W.3d 858 (2001). In some situations, consideration of an appeal of the denial of a motion for summary judgment may be proper when considered in conjunction with an appeal of an order granting summary judgment in order to determine if factual disputes remain for trial. *Wilson v. McDaniel*, 247 Ark. 1036, 449 S.W.2d 944 (1970). However, if a review of the denied motion is not necessary to sustain the motion that was granted, an appeal is not proper. *City of North Little Rock v. Garner*, 256 Ark. 1025, 511 S.W.2d 656 (1974).

Although denials of summary judgment are not generally appealable, in the instant case, the circuit court certified its decision for immediate appeal pursuant to Rule 54(b)(1). However, we are not convinced the court's certification makes the otherwise improper appeal appropriate. We have previously said that orders denying summary judgment "are interlocutory and not subject to certification as final orders pursuant to Rule 54(b)(1)." *Williams v. Peoples Bank of Paragould*, 365 Ark. 114, 225 S.W.3d 389 (2006) (per curiam). The issues presented here compel us to reaffirm our prior opinion. First, the circuit court did not make any final judgment with respect to Cannady's outrage claim but determined only that material facts remained in dispute. Second, the circuit court's ruling would not prevent the presentation of any defense at trial. Third, our consideration of the denied motion is not necessary to sustain the part of St. Vincent's motion that was granted. In sum, we do not believe the circuit court's order is immediately appealable pursuant to Rule 54(b)(1).

We find support for our conclusion in the language of Ark. R. Civ. P. 54(b)(1) itself, which provides:

When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third party claim, or when multiple parties are involved, the court may direct the entry of a *final* judgment as to one or more but fewer than all of the claims or parties only upon an express determination, supported by specific factual findings, that there is no just reason for delay and upon an express direction for the entry of judgment.

(Emphasis added.)

Here, the circuit court made no final judgment regarding Cannady's outrage claim but indicated only that material facts remained in dispute. Likewise, Ark. R. App. P.—Civ. 2(a)(11) provides for a properly certified Rule 54(b)(1) appeal of

[a]n order or other form of decision which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties in a case involving multiple claims, multiple parties, or both, if the circuit court has directed entry of a *final* judgment as to one or more but fewer than all of the claims or parties...

(Emphasis added.)

Clearly, Ark. R. App. P.—Civ. 2(a)(11) contemplates an appeal when the circuit court has entered a final judgment as to a claim or a party. Here, the circuit court made no final decision on the merits of Cannady's outrage claim; rather, it simply determined that factual questions remained. Therefore, there is no final judgment to review. Accordingly, the cross-appeal is not properly before us and must be dismissed. Rule 54(b)(1) should not prevent a litigant from having his or her day in court.

Affirmed on direct appeal; dismissed on cross-appeal.

Hart, J., dissents.

Josephine Linker Hart, Justice, dissenting.

The majority has erred in dismissing the cross-appeal, at least with regard to St. Vincent. The circuit court's order that is the subject of the appeal dismissed St. Vincent from the lawsuit. It was the appellant, Ms. Cannady, who sought a Rule 54(b) certification to attempt to draw St. Vincent back into the lawsuit.

In its second motion for summary judgment, St. Vincent raised two reasons why it should be dismissed from the lawsuit: (1) the conduct involved was not sufficiently extreme and outrageous to constitute the tort of outrage, and even if it was, Arkansas does not allow a claim for outrage to be pursued when the conduct was directed toward a third party; and (2) it was not vicariously liable for the conduct of its employees Griffin and Miller. While the circuit court denied St. Vincent relief on the first theory, it granted St. Vincent relief on the second. The circuit court stated in its order, "Plaintiff's Complaint, as amended, is therefore, dismissed with prejudice as to St. Vincent Infirmary Medical Center." Significantly, the order further states, "Plaintiff's claims against the remaining Defendants, Griffin, Miller, and Holland may continue."

With Ms. Cannady appealing, St. Vincent prudently filed a cross-appeal. *Cf. Hall v. Freeman*, 327 Ark. 720, 942 S.W.2d 230 (1997); *Van Houten v. Pritchard*, 315 Ark. 688, 870 S.W.2d 377 (1994); *Mears v. Little Rock Sch. Dist.*, 268 Ark. 30, 593 S.W.2d 42 (1980). Its cross-appeal placed its alternative theory for relief before this court. This was not a mere prophylactic measure to cover the eventuality of this court reversing the circuit court. Finding for St. Vincent on its appeal ended the lawsuit in its entirety. Even though the circuit court's order found that St. Vincent had no liability for the actions of its employees, one has to recognize that it was a public-relations nightmare for the venerable institution which is forever linked to one of the most notorious crimes in the history of this state.

The elephant in the room throughout the long procedural history of this case—Ms. Cannady filed her first complaint on October 16, 2009—has always been whether the conduct complained of actually supported a cause of action recognized in Arkansas law. Ms. Cannady asserted two theories to address the unauthorized viewing of her daughter's medical records: the tort of invasion of privacy and the tort of outrage. The former was eliminated when this court partially affirmed a directed verdict in *Cannady v. St. Vincent Infirmary Med. Ctr.*, 2012 Ark. 369, 423 S.W.3d 548. That left only the tort of outrage.

In my view, the allegations in Ms. Cannady's complaint simply do not constitute the tort of outrage. To establish an outrage claim, a plaintiff must demonstrate the following elements: (1) the actor intended to inflict emotional distress or knew or should have known that emotional distress was the likely result of his conduct; (2) the conduct was "extreme and outrageous," was "beyond all possible bounds of decency," and was "utterly intolerable in a civilized community"; (3) the actions of the defendant were the cause of the plaintiff's distress; and (4) the emotional distress sustained by the plaintiff was so severe that no reasonable person could be expected to endure it. *Crockett v. Essex*, 341 Ark. 558, 19 S.W.3d 585 (2000). Historically, this court has required clear-cut proof to establish the elements in outrage cases. *Id.*[1]

---

1. An admittedly nonexaustive list of cases refusing to find the tort of outrage is illustrative: *Smith v. American Greetings Corp.*, 304 Ark. 596, 804 S.W.2d 683 (1991) (an employer

By comparison, conduct held to constitute the tort of outrage: *Travelers Ins. Co. v. Smith*, 338 Ark. 81, 991 S.W.2d 591 (1999) (workers'-compensation carrier interfered with the burial of a worker killed on the job by demanding an autopsy, delaying the process of embalming, ultimately not even having the autopsy performed, but in the process making the body unfit for an open casket funeral); *Growth Props. I v. Cannon*, 282 Ark. 472, 669 S.W.2d 447 (1984) (owners of a cemetery drove heavy equipment across several grave sites and exposed the vaults of plaintiffs' deceased relatives); *McQuay v. Guntharp*, 331 Ark. 466, 963 S.W.2d 583 (1998) (physician had inappropriately touched, examined, and fondled patients' breasts).

Significantly, whether the conduct is "extreme and outrageous, beyond all possible bounds of decency, and utterly intolerable in a civilized community," is not a factual question as the circuit court found, but a threshold question of law to be decided by the court. Accordingly, the circuit court's conclusion that this threshold issue was a factual question for the jury was clearly erroneous. By letting this matter go forward, this court is not serving due process, judicial economy, or any identifiable concept of justice.

All of the foregoing would be merely academic were I able to join the majority's opinion on the merits of the direct appeal.

While I can accept the majority's analysis of Ms. Cannady's law-of-the-case argument, I cannot agree with the majority's rationale for disposing of Ms. Cannady's second point. Summary judgment is proper if there is no issue of material fact to be tried, and the case may be resolved as a matter of law. *Anglin v. Johnson Reg'l Med. Ctr.*, 375 Ark. 10, 289 S.W.3d 28 (2008). I cannot agree that either prong of the summary-judgment test has been satisfied in this case.

I agree that it is not disputed that St. Vincent had created policies regarding the viewing of patients' medical records and that St. Vincent took steps to promulgate these policies to its employees. However, there is at least a factual question about the efficacy of these measures. After all, viewing a patient's medical records was an integral part of the daily work routine of each of the employees in the lawsuit. In my view, whether the measures adopted by St. Vincent were sufficient to relieve it of vicarious liability is a factual question for the jury.

Likewise, I cannot accept that the measures taken by St. Vincent were sufficient to relieve it of vicarious liability *as a matter of law*. It violates the separation of powers for this court to create law that completely immunizes an employer against vicarious liability if the employer promulgates a policy that proscribes a certain

---

threatening his employee, hitting the employee, and then firing the employee for "provoking a fight"); *Ross v. Patterson*, 307 Ark. 68, 817 S.W.2d 418 (1991) (a doctor who developed a substance abuse problem with drugs and alcohol treating a pregnant patient while suffering from addiction, then being unavailable at the time of the child's birth as a result of the substance abuse problem); *Kelley v. Ga.-Pac. Corp.*, 300 F.3d 910 (8th Cir. 2002) (a supervisor providing an employee's 19–year–old daughter with narcotics, taking her to a strip club, and watching her dance topless); and *Crockett, supra* (a funeral director

engaged in the following behavior: urging participants in the funeral to hurry and to shorten the funeral service at the funeral home; driving the hearse to the grave site in excess of sixty-five miles per hour, thereby leaving mourners who otherwise would have attended the burial service behind; acting annoyed during the burial service and hurrying the burial service along; putting a disabled family member in another family member's car and driving that car over graves and gravestones; and the funeral director talking on his cell phone for an extended period of time during the funeral service).

behavior. If such a law were to be adopted in Arkansas, it would be up to the legislature to do so.

I would reverse and dismiss this case on cross-appeal; therefore I respectfully dissent.