Cite as 2019 Ark. 222

# SUPREME COURT OF ARKANSAS

No. CV-18-351

| | |
|---|---|
| | **Opinion Delivered:** June 20, 2019 |
| CITY OF FORT SMITH, A MUNICIPAL CORPORATION; KEITH LAU, IN HIS OFFICIAL CAPACITY AS A CITY DIRECTOR OF THE CITY OF FORT SMITH; MIKE LORENZ, IN HIS OFFICIAL CAPACITY AS A CITY DIRECTOR OF THE CITY OF FORT SMITH; AND ANDRE GOOD, IN HIS OFFICIAL CAPACITY AS A CITY DIRECTOR OF THE CITY OF FORT SMITH | APPEAL FROM THE SEBASTIAN COUNTY CIRCUIT COURT [NO. 66FCV-17-657] HONORABLE J. MICHAEL FITZHUGH, JUDGE |
| APPELLANTS | |
| V. | |
| BRUCE WADE | REVERSED AND REMANDED. |
| APPELLEE | |

**COURTNEY HUDSON GOODSON, Associate Justice**

Appellants City of Fort Smith and city directors Keith Lau, Mike Lorenz, and Andre Good (the City) appeal the circuit court's order granting appellee Bruce Wade's motion for summary judgment and finding that the City violated the open-meeting provisions of the Arkansas Freedom of Information Act (FOIA) when three of the city directors and the city administrator exchanged emails relating to city business. For reversal, the City argues that (1) emails cannot constitute a meeting because neither the Arkansas General Assembly nor this court has ever expressly stated that a meeting can be constituted by email, and (2) even

if email can in some cases constitute a meeting, the content of the emails here was merely background information provided in advance of subsequent public meetings. We reverse and remand.

I. *Factual Background*

On January 9, 2017, Fort Smith hired Nathaniel Clark as its police chief. Clark was given a mandate to diversify employment in the police department. Fort Smith has established a Civil Service Commission (CSC). Fort Smith's CSC rules require an applicant for sergeant to have served five years on the Fort Smith police force, with additional years of service being required for higher ranking appointments. Clark sought to change CSC rules to allow for appointment of external candidates to openings for the rank of sergeant and higher.

A CSC meeting was scheduled for May 22, 2017, to consider Clark's proposed changes. Good sent a May 21, 2017 email to city administrator Carl Geffken and the city directors email group complaining that the Fraternal Order of Police was threatening a no-confidence vote in Clark, and that the chief, not the CSC, needed to make staffing decisions. Good also wrote that if the CSC considered the no-confidence vote, the CSC should be dissolved. The CSC did not adopt any rule changes at its May 22 meeting. Geffken sent a May 22 email to the board stating that the CSC chair was willing to consider "more narrow language to allow external applicants," but that he was not in favor of a "more restrictive policy." Good responded to Geffken's email agreeing that he was not in favor of a more restrictive policy, and Lorenz responded that he agreed "100% with you

2

both!" The day after the CSC meeting, Good sent an email to Geffken sharing his notes and observations of the CSC meeting and stating his opinion that "it is in our best interest to dissolve our Civil Service Commission as quickly as possible."

On May 30, 2017 Geffken sent all the directors an email outlining four possible options in light of the CSC's refusal to change the rules: (1) do nothing, (2) pass a non-binding resolution showing the board's support for external candidates, (3) increase the size of the CSC, or (4) dissolve the CSC. Lorenz responded and suggested that the second option would be a start, but he also wrote that he was not sure he understood the CSC's function and that he believed that the human-resources department could handle CSC issues. Good responded with a May 31 email stating that, essentially, the board of directors should do whatever was necessary to give Clark more freedom to hire external applicants. Good suggested possible dissolution of the CSC. The proposed rule changes were discussed at length at a regular board meeting on June 6, 2017. The board adopted a non-binding resolution to support the changes that Clark sought.

On June 21, Wade filed a complaint against Fort Smith only alleging that the Fort Smith board of directors is bound by the open-meetings provisions of FOIA. Arkansas Code Annotated § 25-19-106 requires that notification of public meetings be given to certain people and entities, including those, like Wade, who request such notice. Wade alleged that the emails from May 21, through May 31, 2017, were "meetings" that violated the open-meeting provisions of FOIA.

Wade's attorney proposed a settlement whereby an agreed order would be entered in which Fort Smith would concede that the May 21-31 emails violated FOIA, and the court would order that future informal meetings, including by email, would not occur without notice when one or more board members make a proposal for board action and either (1) that board member requests support, or (2) one or more board members express support.

On August 9, Geffken emailed the proposed settlement to the board, and Lau emailed his opposition. An hour later, Good emailed his agreement with Lau. Two days later, Lorenz emailed his opposition. The proposed settlement was discussed at a September 12, 2017 public-study meeting, but it was not adopted. Wade amended his complaint to add Lau, Lorenz, and Good as defendants and argued that their responses to Geffken's email constituted an additional FOIA violation.

The parties filed cross-motions for summary judgment. On January 4, 2018, the circuit court granted Wade's motion. The City filed its notice of appeal on January 30. The court allowed Wade to file a motion for attorney's fees and costs. Wade filed an amended bill of costs waiving all claims except for $172.50 for filing and summons fees, which the court granted. On February 26, the City filed a second notice of appeal.

## II. *Standard of Review*

Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, responses to requests for admission, and affidavits show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter

4

of law. *Cannady v. St. Vincent Infirmary Med. Ctr.*, 2018 Ark. 35, 537 S.W.3d 259. On appeal, this court determines if summary judgment was appropriate based on whether the evidentiary items presented by the moving party leave a material question of fact unanswered. *Id.* This court views the evidence in the light most favorable to the party against whom the motion was filed, resolving all doubts and inferences against the moving party. *Id.* We review questions of law de novo. *Miracle Kids Success Acad., Inc. v. Maurras*, 2019 Ark. 146, ___ S.W.3d ___.

III. *Analysis*

A. Email as a Potential Meeting

The City first argues that (1) neither the General Assembly nor this court has ever equated email with FOIA meetings, and (2) the constitutional infirmities created by the circuit court's declarations should be avoided by reversing the circuit court's order. Essentially, the City argues that because FOIA does not include language that a public meeting can be constituted by electronic communication, this court should establish a bright-line rule that FOIA's reach does not extend to email. We disagree.

In relevant part, Arkansas Code Annotated § 25-19-106 provides as follows:

> (a) Except as otherwise specifically provided by law, all meetings, formal or informal, special or regular, of the governing bodies of all municipalities, counties, townships, and school districts and all boards, bureaus, commissions, or organizations of the State of Arkansas, except grand juries, supported wholly or in part by public funds or expending public funds, shall be public meetings.
> (b)(1) The time and place of each regular meeting shall be furnished to anyone who requests the information.
> (2) In the event of emergency or special meetings, the person calling the meeting shall notify the representatives of the newspapers, radio stations, and

5

television stations, if any, located in the county in which the meeting is to be held and any news media located elsewhere that cover regular meetings of the governing body and that have requested to be so notified of emergency or special meetings of the time, place, and date of the meeting. Notification shall be made at least two (2) hours before the meeting takes place in order that the public shall have representatives at the meeting.

Ark. Code Ann. § 25-19-106(a)–(b)(1)(2) (Supp. 2017).

The City acknowledges that we have said that a FOIA meeting may occur even in the absence of an actual gathering of members in the case of a telephone poll or when serial third-party contact is made to obtain approval of action. *See Harris v. City of Fort Smith*, 359 Ark. 355, 197 S.W.3d 461 (2004) (holding that one on one meetings, including telephone conversations, between the administrator and city directors to obtain a decision on a property purchase were informal meetings subject to FOIA); *Rehab. Hosp. Servs. Corp. v. Delta-Hills Health Sys. Agency, Inc.*, 285 Ark. 397, 687 S.W.2d 840 (1985) (holding that a telephone poll with proper notice may be an acceptable type of open meeting).

The City argues that emails cannot constitute a meeting because the General Assembly amended FOIA by Act 1653 of 2001 to include "electronic or computer-based information" as "public records" pursuant to Arkansas Code Annotated § 25-19-103 but expressed no intention at that time that electronic communications can constitute a public meeting. However, we decided *Harris* after that amendment, and in the fifteen years since the General Assembly has not enacted legislation to change our interpretation that telephone conversations can, in some cases, constitute a meeting. The General Assembly is presumed to be familiar with this court's interpretations of its statutes, and if it disagrees, it

6

can amend these statutes. *Air Evac EMS, Inc., v. USAble Mut. Ins. Co.*, 2017 Ark. 368, 533 S.W.3d 572. FOIA does not include "telephone communications" in its definition of a public meeting, but the General Assembly has not amended the statute post-*Harris*. We do not see any material difference between the use of email exchanges to conduct public business and telephone conversations to conduct public business. For the same reasons, the application of FOIA's public meeting provisions to emails does not present either a separation of power issue or constitutional issue any more than the telephone calls at issue in *Harris*.

We liberally construe FOIA to accomplish its broad and laudable purpose that public business be performed in an open and public manner. *McCutchen v. City of Fort Smith*, 2012 Ark. 452, 425 S.W.3d 671. We therefore have no difficulty in concluding that FOIA's open-meeting provisions apply to email and other forms of electronic communication between governmental officials just as surely as they apply to in-person or telephonic conversations. It is unrealistic to believe that public business that may be accomplished via telephone could not also be performed via email or any other modern means of electronic communication. Neither this court nor the General Assembly can be expected to list all such communication methods or anticipate others yet to emerge. Exempting electronic communication would allow governmental officials who are so inclined to make decisions in secret, leave the public in the dark, and subvert the purpose of FOIA's open-meeting provisions.

## B. Content of the Emails

7

Although we hold that email communication is subject to FOIA's open-meeting provisions, that does not end our analysis. The City argues that even if email communication can qualify as a meeting, the emails in this instance were only "background information," and "non-decisional" information sharing. In *McCutchen*, the city director provided five of the seven board members with a copy of a proposed ordinance and recommended its passage. Some board members voluntarily stated their positions to the city director. We stated that

> [w]e recognize that Kelly recommended in the memorandum that Board members pass the proposed ordinance and that some Board members voluntarily stated their positions to Kelly, but Kelly did not solicit responses from Board members in the memorandum, and there is no evidence that the issue was discussed or debated prior to the study session. Furthermore, there is no evidence that the Board members exchanged any correspondence about the memorandum. We hold that the circuit court did not err in concluding that Kelly did not violate the open-meetings provision of the FOIA when he presented to individual Board members, in advance of a study session, a memorandum expressing his opinion on a proposed ordinance that might come before the Board.

*McCutchen*, 2012 Ark. 452 at 12, 425 S.W.3d at 679.

This case is analogous to *McCutchen* in that no response was solicited. No board member responded to either Good's May 21 email or his May 23 notes on the CSC meeting. Good and Lorenz responded to Geffken's May 22 email, and only Good and Lorenz responded to Geffken's May 30 email advising the board of its options. No decision was made, and the board discussed the proposed CSC rule change at its June 6, 2017 public meeting.

8

Likewise, the August emails regarding the settlement proposal show that no decision was made through the use of email. Geffken sent an email to the board with his recommendations on the settlement proposal and received three unsolicited responses. The issue was discussed at a public-study meeting and because no two board members asked for the settlement to be placed on the agenda for action, the settlement was rejected. The facts here are distinguishable from those in *Harris* and *Rehab Hosp. Servs. Corp.* in that no decision was either sought or made. Rather, like the communication in *McCutchen*, the emails here contain information, a recommendation, and unsolicited responses with no decision. As in *McCutchen*, the communication does not violate the open-meeting provisions set forth in Arkansas Code Annotated § 25-19-106, and we reverse and remand this matter to the circuit court for the entry of an order consistent with this opinion.

Reversed and remanded.

HART, WOOD, WYNNE, and WOMACK, JJ., concur in part and dissent in part.

**JOSEPHINE LINKER HART, Justice, concurring in part and dissenting in part.** This case involves an email group composed of all seven members of the City of Fort Smith Board of Directors. The email address which disseminates an email to all members of the Fort Smith Board of Directors is [BoardofDirectors@fortsmithar.gov.](mailto:BoardofDirectors@fortsmithar.gov) It is not disputed that the email exchanges that underlie this lawsuit concerned proposals for altering or scrapping the city's civil service commission.

In *El Dorado v. El Dorado Broad. Co.*, 260 Ark. 821, 824, 544 S.W.2d 206, 207 (1976), this court defined an "informal meeting" as "any group meeting called by the

mayor or any member of the city council at which members of the city council, less in number than a quorum meet for the purpose of discussing or taking any action on any matter on which foreseeable action will be taken by the city council." Furthermore, in *Harris v. City of Fort Smith*, 359 Ark. 355, 197 S.W.3d 461 (2004), this court held that telephone communication between city officials and board members where official business was discussed could constitute a public meeting. These two cases lead to the inevitable conclusion that communication via the email group are "public meetings" for the purposes of the Arkansas Freedom of Information Act (FOIA).

It is undisputed that the emails were disseminated to all of the Fort Smith Board of Directors and that the purpose of the emails in question were to discuss official city business. Further, there is nothing inherent in email that would distinguish it from the telephone contact in *Harris*. Like a phone call, an email is a nearly instant communication via an electronic medium. The fact that emails can also be considered public records is a red herring. The fact that emails can be archived allow them to be both the communication and the record of that communication.

Because the FOIA is remedial legislation, it must be liberally construed to accomplish its purpose. *Eldorado Broad. Co., supra*. The purpose of FOIA is clearly stated in the act itself:

> It is vital in a democratic society that public business be performed in an open and public manner so that the electors shall be advised of the performance of public officials and of the decisions that are reached in public activity and in making public policy. Toward this end, this chapter is adopted, making it possible for them

10

or their representatives to learn and to report fully the activities of their public officials.

Ark. Code Ann. § 25-19-102. Accordingly, I join the majority in concluding that emails between public officials constitute a "public meeting" as contemplated by FOIA's open-meeting provision.

However, today's majority opinion ultimately fails to advance the clearly stated purpose of the FOIA. In its fact-finding, the majority has adopted a test for determining whether email exchanges constitute a public meeting that will render its conclusion that emails can constitute a public meeting illusory. Perhaps unwittingly, the majority has imposed a requirement that, to constitute a meeting, an email must: (1) directly solicit a response; (2) render a decision; and (3) involve more than three-sevenths of a city's board of directors. Worse still, these determinations will almost certainly require a lawsuit to resolve.

Contrary to the majority's assertions, the case before us is not all analogous to *McCutchen v. City of Fort Smith*, 2012 Ark. 452, 425 S.W.3d 671. Whereas the case before us involves an email group, *McCutchen* concerned a delivery of documents, including a draft ordinance to several of Fort Smith's directors. During the delivery of these documents to individual directors, the city administrator discussed the contents of the packet. Importantly, the *McCutchen* court noted

> Prior to each meeting, each member of the Board is provided an agenda and informational package of documents containing a briefing report for each item and a draft resolution or ordinance for each item. After delivery to the Board members, the information packets, as public documents, are made available to any member of

11

the press or public who requests a copy. The documents are also available on the City's website.

Accordingly, the information delivered by the city administrator was made available to the public as a matter of course. This included the city administrator's recommendation that the new ordinance be adopted. The holding in *McCutchen* was therefore very limited: the administrator's one-on-one lobbying for the adoption of the ordinance was held not to be a "public meeting."

The *McCutchen* court stated:

We recognize that Kelly [the city administrator] recommended in the memorandum that Board members pass the proposed ordinance and that some Board members voluntarily stated their positions to Kelly, but Kelly did not solicit responses from Board members in the memorandum, and there is no evidence that the issue was discussed or debated prior to the study session. Furthermore, there is no evidence that the Board members exchanged any correspondence about the memorandum. We hold that the circuit court did not err in concluding that Kelly did not violate the open-meetings provision of the FOIA when he presented to individual Board members, in advance of a study session, a memorandum expressing his opinion on a proposed ordinance that might come before the Board.

Again, it is noteworthy that the memorandum was made available to the public through FOIA.

In the case before us, the email group was established to discuss public business, which the directors obviously did. Today's majority opinion denies the electorate in Fort Smith insight into the performance of its elected officials and allows those public officials to make their decisions in secret. Secrecy is poison to democracy. On this point, I respectfully dissent.

ROBIN F. WYNNE, **Justice, concurring in part and dissenting in part.** I agree with the majority that FOIA's open-meeting provisions apply to exchanges via e-mail. However, I believe that appellants engaged in a group discussion of public business over email that violated the open-meeting provisions. Accordingly, I respectfully concur in part and dissent in part.

The purpose of FOIA is to ensure that citizens of the State of Arkansas are aware of the activities of their public officials through the requirement that "public business be performed in an open and public manner." Ark. Code Ann. § 25-19-102 (Repl. 2014). To that end, all meetings, formal or informal, of certain public entities, including governing bodies of municipalities, are required to be public. Ark. Code Ann. § 25-19-106(a) (Repl. 2014). We have held that FOIA is to be liberally interpreted to accomplish the purpose of promoting free access to public information. *Harris v. City of Fort Smith*, 359 Ark. 355, 197 S.W.3d 461 (2004).

The majority relies on *McCutchen v. City of Fort Smith*, 2012 Ark. 452, 425 S.W.3d 671, in reversing the decision of the circuit court. In that case, the city administrator delivered an informational memorandum that expressed his opinion on a proposed ordinance to five of the seven board members prior to a study session at which the ordinance was to be discussed. The administrator also spoke individually with the members about the ordinance. We held that the activities of the city director did not violate the open-meeting provision of FOIA. However, the holding rested on the fact that there was no evidence that the issue was discussed or debated by the board members prior

13

to the study session, nor was there any evidence that the board members exchanged correspondence about the memorandum.

Here, in contrast, Board members actively lobbied for specific action on business before the Board in emails that were sent to every Board member. The discussion by the Board members in a nonpublic forum makes this case clearly distinguishable from *McCutchen*. The fact that the responses by certain members were not solicited by the city administrator is immaterial. FOIA applies to the discussion of government business by a municipal governing body. *See Mayor & City Council of El Dorado v. El Dorado Broad. Co.*, 260 Ark. 821, 824, 544 S.W.2d 206, 207 (1976) ("We can think of no reason for [FOIA] specifying its applicability to informal meetings of governmental bodies unless it was intended to cover informal but unofficial group meetings for the discussion of governmental business as distinguished from those contacts by the individual members that occur in the daily lives of every public official."). Because the Board discussed public business in a nonpublic forum, the majority is mistaken in reversing the decision of the circuit court.

For these reasons, I concur in part and dissent in part.

SHAWN A. WOMACK, Justice, concurring in part and dissenting in part. I agree with the majority that, based on the facts specific to this case, the emails exchanged here clearly do not establish a meeting for the purposes of the FOIA. However, I believe that the majority goes further than is necessary to decide this case by judicially expanding the legislatively adopted definitions in the FOIA.

14

The General Assembly has adopted a broad definition of "public records" that unquestionably encompasses emails as public records. Ark. Code Ann. § 25-19-103(7)(A). However, the definition of "public meetings" in the FOIA does not provide the same affirmative textual clarity to support a definitive conclusion that emails can constitute a public meeting, as the majority has held here. Ark. Code Ann. §§ 25-19-103(6) and 25-19-106.

The majority concedes that the FOIA does not include email communications in its definition of a public meeting. Further, the General Assembly has had the opportunity to amend the definition of a public meeting to include email communication and it has not done so. While there may very well be legitimate policy reasons to include emails and other electronic communications in the public meeting definition as technology advances, our role as judges is to determine what the law is, not what the law should be. For this reason, I concur in part and dissent in part.

WOOD, J., joins.

*Daily & Woods, PLLC*, by: *Jerry L. Canfield* and *Wyman R. Wade, Jr.*, for appellants.

*McCutchen & Sexton*, by: *Joey McCutchen*, for appellee.