Cite as 2022 Ark. App. 505

# ARKANSAS COURT OF APPEALS
DIVISION IV
No. CV-21-524

| | |
|---|---|
| LOUIS LANGLEY PITTS<br><br>APPELLANT<br><br>V.<br><br>BAILEY ANDERSON<br><br>APPELLEE | Opinion Delivered December 14, 2022<br><br>APPEAL FROM THE WASHINGTON COUNTY CIRCUIT COURT<br>[NO. 72CV-20-1698]<br><br>HONORABLE BETH STOREY BRYAN, JUDGE<br><br>APPEAL DISMISSED |

**RAYMOND R. ABRAMSON, Judge**

Louis Langley Pitts appeals the Washington County Circuit Court order denying his motion to dismiss Bailey Anderson's complaint. On appeal, Pitts argues that the circuit court erred by finding that Anderson's complaint was not barred by the statute of limitations. We dismiss the appeal for lack of jurisdiction.

On August 11, 2020, Anderson transmitted a tort complaint against Pitts to the Washington County Circuit Clerk using the electronic filing system. She received a transmission receipt at 6:38 p.m. On August 12, Anderson received a rejection notice from the electronic system. The reason for the rejection stated as follows: "COVER SHEET NEEDS TO BE IN PDF FORM." On that same day, Anderson resubmitted her tort complaint. In her complaint, Anderson asserted claims for assault, battery, outrage, and false

imprisonment against Pitts concerning an incident on August 11, 2019. She attached the August 12, 2020 rejection notice.

On May 7, 2021, Pitts moved to dismiss Anderson's complaint. He argued that Anderson's claims were barred by the one-year statute of limitations in Arkansas Code Annotated section 16-56-104(2) (Repl. 2005) because the incident occurred on August 11, 2019, and Anderson filed her complaint on August 12, 2020.

On May 26, Anderson responded to Pitts's motion to dismiss. She argued that the completed electronic transmission of her complaint on August 11, 2020, constituted a filing pursuant to Supreme Court Administrative Order No. 21. She attached the August 11, 2020 receipt from the electronic filing system stating that the complaint had been received. She thus argued that the one-year statute of limitations did not bar her claims.

On August 17, the circuit court denied Pitts's motion to dismiss. The court found that Anderson's submission of the complaint on August 11, 2020, constituted a filing and thus that her claims were timely filed. The court's order included a Rule 54(b) certificate. In the certificate, the court listed the case's procedural history, and it found that

> [t]his is a matter regarding the interpretation of an administrative order issued by the Arkansas Supreme Court, and constitutes an exigent circumstance for which there is no just reason for delay as a ruling from the Arkansas Supreme Court interpreting and clarifying its own language will be dispositive as to Defendant's requested relief. Requiring prolonged litigation while there is a need for the Arkansas Supreme Court to interpret its own administrative order(s) governing the action would cause the Court to incur unnecessary expense and time. Finally, this Court and the parties face a continued problem of incurring time and expense based on the belief a party failed to file a document, only to learn after the fact that the party's submission was rejected.

On September 1, the court entered an amended order to include its signature. On September 8, Pitts filed a notice of appeal.

We must dismiss this appeal for lack of jurisdiction. Rule 2 of the Arkansas Rules of Appellate Procedure–Civil (2020) lists the orders from which an appeal may be taken. Generally, a party may appeal an order that dismisses the parties from the court, discharges them from the action, or concludes their rights to the subject matter in controversy. *See Plunk v. State*, 2012 Ark. 362 (per curiam); *Evins v. Carvin*, 2013 Ark. App. 185, 426 S.W.3d 549. Our supreme court has held that when a circuit court denies a defendant's motion to dismiss, the denial is not a final judgment from which an appeal may be taken because the only matter disposed of by the order is that the case should proceed to trial, and those matters put in issue are not lost by continuing through a trial of the matter. *See Plunk*, 2012 Ark. 362; *Evins*, 2013 Ark. App. 185, 426 S.W.3d 549; *see also C.P. v. State*, 2011 Ark. App. 415, at 2 ("We have long held that denial of a motion dismiss is not an appealable order."). Even though an issue on which a court renders a decision might be an important one, an appeal will be premature if the decision does not, from a practical standpoint, conclude the merits of the case. *See Plunk*, 2012 Ark. 362; *Doe v. Union Pac. R.R.*, 323 Ark. 237, 914 S.W.2d 312 (1996).

Although denials of motions to dismiss are not generally appealable, the circuit court in this case certified its decision for immediate appeal pursuant to Rule 54(b) of the Arkansas Rules of Civil Procedure. However, the court's order is not subject to Rule 54(b) certification. The supreme court's decision in *Cannady v. St. Vincent Infirmary Medical Center*, 2018 Ark. 35, 537 S.W.3d 259, is instructive.

In *Cannady*, the supreme court dismissed the appeal from an order denying summary judgment as to an outrage claim even though a Rule 54(b) certificate had been issued. The supreme court explained:

> We find support for our conclusion in the language of Ark. R. Civ. P. 54(b)(1) itself, which provides:
>
>> When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third party claim, or when multiple parties are involved, the court may direct the entry of a *final* judgment as to one or more but fewer than all of the claims or parties only upon an express determination, supported by specific factual findings, that there is no just reason for delay and upon an express direction for the entry of judgment.
>
> (Emphasis added.)
>
> Here, the circuit court made no final judgment regarding Cannady's outrage claim but indicated only that material facts remained in dispute. Likewise, Ark. R. App. P.–Civ. 2(a)(11) provides for a properly certified Rule 54(b)(1) appeal of
>
>> [a]n order or other form of decision which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties in a case involving multiple claims, multiple parties, or both, if the circuit court has directed entry of a *final* judgment as to one or more but fewer than all of the claims or parties . . . .
>
> (Emphasis added.)
>
> Clearly, Ark. R. App. P.–Civ. 2(a)(11) contemplates an appeal when the circuit court has entered a final judgment as to a claim or a party. Here, the circuit court made no final decision on the merits of Cannady's outrage claim; rather, it simply determined that factual questions remained. Therefore, there is no final judgment to review. Accordingly, the cross-appeal is not properly before us and must be dismissed. Rule 54(b)(1) should not prevent a litigant from having his or her day in court.

*Cannady*, 2018 Ark. 35, at 12–13, 537 S.W.3d at 266.

We recently applied *Cannady* in *Hudson Revocable Trust v. Evans*, 2022 Ark. App. 394. In *Hudson*, we held that the order denying summary judgment was not subject to certification as a final order pursuant to Rule 54(b) because the circuit court made no final decision on the merits of the claims but merely determined that factual questions remained. *Id.*

Even though the present case involves a motion to dismiss, *Cannady* and *Hudson* are instructive. Here, the circuit court did not render a final decision on Anderson's claims. It determined only that Anderson's submission of her complaint to the electronic filing system on August 11, 2020, constituted a timely filing. Thus, there is no final judgment as contemplated by Ark. R. App. P.–Civ. 2(a)(11) from which to appeal. The circuit court attempted to make the order appealable by issuing a Rule 54(b) certificate finding that the issue is "dispositive as to [Pitts's] requested relief." However, an appeal from any final order also brings up for review any intermediate orders involving the merits and necessarily affecting the judgment. Ark. R. App. P.–Civ. 2(b); *Plunk*, 2012 Ark. 362.

Accordingly, given that the circuit court made no final decision on the merits, the order is not an appealable order and is not subject to certification as a final order pursuant to Rule 54(b). We therefore must dismiss the appeal.

Appeal dismissed.

VIRDEN and KLAPPENBACH, JJ., agree.

*Taylor Law Partners, LLP*, by: *W.H. Taylor*, *Terry Harper*, and *Andrew Myers*, for appellant.

5

*Cullen & Co., PLLC*, by: *Tim Cullen*; *Daniels Law Firm, PLLC*, by: *Shawn Daniels*; and *Hatfield Law Firm*, by: *Jason Hatfield*, for appellee.